EDWARD E. LANGBEIN ET AL. *v.* PLANNING BOARD
OF THE CITY OF STAMFORD ET AL.

DALY, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued June 3—decided November 20, 1958

*John N. Cole,* with whom, on the brief, was *David F. Babson, Jr.,* for the appellants (plaintiffs).

*Joseph L. Melvin,* for the appellees (defendants Walter H. Gildemeister et al.), with whom were *Raymond G. Cushing,* corporation counsel, and *Arthur L. DiSesa,* assistant corporation counsel, for the appellee (defendant board).

MELLITZ, J. On April 4, 1956, the defendant planning board approved a subdivision of land owned by the other defendants in the city of Stamford. The plaintiffs, claiming to be aggrieved, appealed to the Court of Common Pleas. From a judgment dismissing the appeal, this appeal has been taken.

The plaintiffs alleged that they were residents and taxpayers in Stamford and owned property near the subdivision. Section 529 of the Stamford charter provides for an appeal to the Court of Common Pleas by any person aggrieved by an official decision

of the planning board. 26 Spec. Laws 1233. We recently pointed out in *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832, that to be an aggrieved person entitled to maintain an appeal under statutes containing similar provisions one must be specially and injuriously affected in his property or other legal rights, unless the case involves some aspect of traffic in liquor. The burden of proving that they were aggrieved and entitled to maintain an appeal was upon the plaintiffs. There is no allegation in the complaint, and no reference in the stipulation of facts filed by the parties, to any damage or injury to any property rights of the plaintiffs resulting from the approval of the subdivision; and the only basis for their alleged aggrievement is a claim they made at the public hearing on the application—that there was a danger of pollution of their water supply by sewage draining from the subdivision. The trial court concluded that the plaintiffs had not maintained "the burden of proving that the Planning Board's approval of the application resulted in a health hazard to them or their properties." Since the sole ground of the plaintiffs' aggrievement was the threatened health hazard to them and their properties, this conclusion deprived the appeal of a vital factor essential to its maintenance.

Section 524 of the Stamford charter, relating to the subdivision of land, prescribes that all plans of a subdivision shall be submitted to the planning board for approval and that the board, before exercising its functions, shall adopt and publish regulations which shall provide that the land to be subdivided shall be usable for building purposes without danger to health. 26 Spec. Laws 1231. A public hearing on seven days' notice by publication is re-

quired. Id. § 525. The planning board duly adopted and published regulations that no land held by the board to be unsuitable by reason of any feature likely to be harmful to health should be subdivided for residential use; that where a public sanitary sewer was not reasonably accessible, provision for disposal of sanitary sewage by a method approved by the health department was required; and that tentative approval of a subdivision by the board was to be considered only as approval of the layout, subject to examination and modification by the city engineer with respect to design of the proposed drainage, sewerage and water systems, for the protection of the public interest. Stamford Planning Board Subdiv. Regs., §§ 4 (A)(1), 6 (B)(2), 3 (A) (1955). The regulations thus expressly provided that, in the process of the approval of a subdivision, the health department had a function to perform where the disposal of sanitary sewage was in question, and the city engineer had a function with relation to the design of proposed sewerage, drainage and water systems.

On October 13, 1955, the individual defendants, hereinafter called the defendants, applied to the board for approval of a subdivision of a tract of land located between Westover Road and the Mianus River in Stamford near land owned by the plaintiffs. On October 26, the board held a public hearing on the application. The plaintiffs appeared by counsel and presented evidence in opposition, with particular emphasis upon a claimed danger of pollution of nearby wells by sewage draining from the subdivision. At the hearing, the chairman stated that approval of a subdivision plan was subject to "engineering and health" and that the plaintiffs would have an opportunity to be heard by those de-

partments. On November 1, the board tentatively approved the subdivision "subject to approval by Department of Health" and so notified the plaintiffs' counsel by letter dated November 2. On November 4, the plaintiffs' counsel sent the commissioner of health a lengthy letter reviewing and summarizing the evidence presented at the hearing on October 26 and attached an analysis of the evidence, with comments thereon, by experts employed by the plaintiffs. On November 7, the defendants' counsel sent the commissioner a letter on the subject. A letter in rebuttal from the plaintiffs' counsel was sent the commissioner on November 18, and a final letter from the plaintiffs' counsel was sent on January 26, 1956. On November 30, 1955, and again on February 6, 1956, without notice to the plaintiffs or their counsel, officials of the health department, accompanied by the defendants' counsel and one of the defendants, as well as the surveyors who prepared the subdivision layout, inspected the subdivision tract. Neither the plaintiffs nor their counsel were present. On February 16, the commissioner of health approved the subdivision plan on behalf of the health department. On February 1, the plan was referred to the city engineer, and he approved it on March 1. On April 4, the planning board gave its final approval and recorded a certificate to that effect in the Stamford land records, as required by the charter. 26 Spec. Laws 1233, § 525.1.

The claims stressed by the plaintiffs in brief and argument are that the board illegally delegated the decision of the question of health which was involved in the subdivision application to the health department and that no public hearing was held on the subdivision application as required by the charter because of the action of the representatives of the

health department in inspecting the premises with the defendants and their counsel without the knowledge or presence of the plaintiffs or their counsel and the subsequent acceptance by the board of the approval of the health department without a further public hearing to afford the plaintiffs an opportunity to question the health commissioner and present further evidence to attack the basis of that approval.

In exercising its function of approving or disapproving a subdivision plan, the planning board acts in an administrative capacity. In passing upon a plan, its action is controlled by the regulations adopted for its guidance. It has no discretion or choice but to approve a subdivision which conforms to the regulations. *Beach* v. *Planning Board & Zoning Commission*, 141 Conn. 79, 83, 103 A.2d 814. Section 524 of the charter commanded the adoption of regulations designed to insure that a subdivision for building purposes can be so used without danger to health. Accordingly, the regulations which were adopted required the board to withhold its approval of a subdivision for residential use where it considered the subdivision unsuitable because of some feature likely to be harmful to the health or welfare of its future residents; placed in the hands of the city engineer the duty of protecting the public interest so far as drainage, sewerage and water systems were concerned; and required approval by the health department of the method of disposal of sanitary sewage when a public sanitary sewer main was not reasonably accessible. It is clear that the procedure followed by the board leading to the approval of the defendants' subdivision conformed to the provisions of the charter and regulations. A public hearing was held on October 26, 1955. No question has been raised about the validity of any aspect of

this hearing except the statement of the chairman that "We make our decision subject to engineering and health." The plaintiffs introduced at the hearing the evidence they considered relevant. They make no claim that they were in any manner restricted or prevented from introducing all the evidence they were prepared to introduce. They were fully heard upon every aspect of the application concerning which they wished to be heard.

The question then is whether the remark of the chairman at the hearing and the events following the hearing invalidated the action of the board in approving the subdivision. The propriety of the remark of the chairman finds support in the provisions of the regulations which expressly give the city engineer a function with relation to the drainage, sewerage and water systems in a subdivision, and the health department a function in passing upon the method of disposal of sanitary sewage where there is no public main. These regulations authorized the action taken by the chairman at the meeting. Having heard the evidence at the public hearing, including that introduced by the plaintiffs, the board tentatively approved the subdivision "subject to approval by Department of Health." This action by the board must be taken to mean that it overruled the objections of the plaintiffs and approved the subdivision as in conformity with the charter and regulations, subject only to a possible adverse view by the health department in the discharge of the function assigned to it by the regulations. This procedure by no means involved confiding the decision of the question to the health department. It meant no more than that the board, pursuant to the regulations, would await a report from the health department before granting final approval of the subdi-

vision. Nothing appears in the record to warrant a finding other than that the public hearing held by the board was a full and fair hearing and that the tentative approval given to the subdivision by the board was in complete conformity with the authority lodged in it by the charter and regulations.

The events, following the public hearing, of which the plaintiffs complain did not invalidate the action of the board. No evidence of any kind was either presented to or considered by the board after the public hearing. Its final approval of the subdivision followed, but was not based upon, the action of the health department. The inspections of the site by officials of that department and the communications sent by counsel to the commissioner of health were elements entering into and influencing the action of the health department but not that of the planning board. The situation here is not one of action by the board predicated on evidence neither presented at the public hearing nor appearing in the record. The plaintiffs were entitled to a full disclosure of all the elements which the board contemplated would enter into the determination of the matter and to a fair opportunity to meet those elements. Such a disclosure was made. The plaintiffs were informed by the chairman at the public hearing that the health department had a function in the process of considering a subdivision plan. They took full advantage of the opportunity available to them to present to the commissioner of health everything they deemed appropriate to influence the action of the health department. They are in no position to complain of adverse action. That they were not present at the inspections of the site by officials of the health department when the defendants were represented does not alter the situation. It would have been

better had they been informed and given an opportunity to be present. But the trial court has concluded that the plaintiffs failed to establish that anything prejudicial to them occurred during these inspections, and there is nothing in the record to disturb that conclusion. *United States* v. *Pierce Auto Freight Lines, Inc.*, 327 U.S. 515, 530, 66 S. Ct. 687, 90 L. Ed. 821.

Since the plaintiffs failed to establish that they were aggrieved by the decision of the planning board, the court was not in error in dismissing their appeal.

There is no error.

In this opinion the other judges concurred.