## WESLEY R. BLAKEMAN *v.* PLANNING COMMISSION OF THE CITY OF SHELTON

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 3, 1964—decided January 5, 1965

*Edward M. Rockett,* for the appellant (plaintiff).

*John H. Welch, Jr.,* for the appellee (defendant).

SHANNON, J. The plaintiff submitted a plan to the defendant for the resubdivision of a parcel of land in Shelton known as lot 36, Trap Falls Estates, section 2. He desired to cut a road through a portion of lot 36 to reach thirty-four acres of land, immediately adjacent and owned by him, for the purpose of subdividing that acreage.

The defendant was created by ordinance under § 8-19 of the General Statutes. Pursuant to § 8-25 of the General Statutes, the defendant adopted regulations concerning "subdivision" and "resubdivision", which are synonymous (in the regula-

tions).   Particular regulations provide that (1) building lots "shall be of such character that they can be used for building purposes without danger to the health and safety of the public or the occupants"; (2) "[s]treets shall be planned and designed to provide a safe and convenient system for present and prospective traffic"; and (3) "[p]roposed streets shall be planned in such a manner as to provide safe and convenient access to proposed lots".   Shelton Subdivision Regs. §§ 4-2, 4-3, 4-3-9 (1963).

A public hearing on the plaintiff's resubdivision plan was held on August 27, 1963.   The plaintiff's claims were presented by his counsel.   The opposition, consisting mostly of homeowners in the Trap Falls subdivision, presented its views concerning traffic hazards, road visibility, safety of children, police patrol cars, school buses, fire apparatus, winter snow removal, position and layout of roads, drainage and other matters.   The defendant also had the written opinion of an expert in the field of planning.   The defendant denied the plaintiff's application at a meeting on September 10, 1963, and gave as its reasons:   "The intersection of the proposed Wesley Drive and existing Great Oak Road, at the proposed point is not a safe intersection.   The proposed road would be intersecting on a side slope of Great Oak Road of 8–10%.   This provides a poor sight-distance on Great Oak Road of approximately 200 ft. maximum.   Also, surface drainage from Great Oak Road would create a hazardous condition at the proposed intersection."   The plaintiff appealed to the Court of Common Pleas, which dismissed his appeal after a hearing and after the court visited the location with both attorneys.

The plaintiff has filed seven assignments of error, but both parties seem to agree that the main issue on appeal is whether the defendant acted illegally, arbitrarily or in abuse of its discretion. The plaintiff also claims that the defendant did not comply with its own regulations as applied to his plan.

The burden was on the plaintiff to prove that the action of the defendant was illegal. In exercising its function of approving or disapproving a resubdivision plan, the defendant acted in an administrative capacity. Its action was controlled by the regulations adopted for its guidance. *Langbein* v. *Planning Board,* 145 Conn. 674, 679, 146 A.2d 412; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 84, 103 A.2d 814. The defendant gave four reasons for its decision. If any one of them would support its action, the plaintiff must fail in his appeal. *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 150, 168 A.2d 547; *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415, cert. denied, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145. The action of the defendant is reviewed in the light of the record developed before it. *Ferndale Dairy, Inc.* v. *Zoning Commission,* 148 Conn. 172, 176, 169 A.2d 268; *Beach* v. *Planning & Zoning Commission,* supra, 80.

The plaintiff does not seem to contest the fact that the intersection of his proposed road—indicated as Wesley Drive on his own preliminary plan for Oakdale Estates, the thirty-four-acre subdivision—with Great Oak Road in Trap Falls Estates comes at the crest of a hill. This preliminary plan includes contour lines clearly showing the sloping nature of the intersection. The defendant noted in its reasons that the slope of Great Oak Road at the point of the intersection would be between 8

and 10 percent. Section 4-3-5 of the Shelton subdivision regulations allows "local street" grades up to 10 percent. This standard, however, applies to a "local street" only and is not binding on the defendant in its determination of the safety of an intersection. The conditions which might make an intersection unsafe are many and varied. No one standard could ever be adopted to cover adequately all future cases. Judgment and experience must be applied in each instance, and an administrative agency such as the defendant may act upon its own knowledge and observation, as well as the evidence presented to it at a hearing. *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 675, 103 A.2d 535.

The plaintiff has also misinterpreted the defendant's conclusion that "surface drainage from Great Oak Road would create a hazardous condition at the proposed intersection." It is true that at the immediate point of intersection Wesley Drive is sloping uphill at a 1 percent grade. The grade, however, is reversed a few feet farther up the drive, creating a depression in an area close to the intersection so that drainage problems might easily arise, to say nothing of drainage problems on Great Oak Road.

The plaintiff states in his brief that "the Planning Commission in violation of its own policy is attempting to force the plaintiff to leave the property landlocked." This is not so. The original plan for Trap Falls Estates, approved in 1958, of which lot 36 is a part, contains a reservation of a street connecting Great Oak Road with the same area sought to be opened up by the proposed Wesley Drive. There was testimony that the residents of Trap Falls Estates whose property abuts Great Oak Road "purchased their property with the under-

standing that this road shown on the [1958] map would be one to eventually go through". Thus, the plaintiff cannot argue that he is being deprived of access to his own property, although he might prefer to have the connecting street travel through the lot which he presently owns.

It is not necessary to review all of the other evidence before the defendant in a similar manner. It is enough to point out the reasonableness of the conclusions arrived at in this case. "The essential question, in any case, is whether any one of the several reasons which may be given . . . [for the commission's decision] is reasonably supported. Courts do not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fairly exercised after a full hearing." *Young* v. *Town Planning & Zoning Commission*, 151 Conn. 235, 245, 196 A.2d 427.

There is no error.

In this opinion the other judges concurred.