[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Andrew P. Palker and Betty J. Palker, have appealed a decision of the defendants, Litchfield Planning and Zoning Commission and Eugene Barbero which approved a subdivision application of Mr. Barbero for property located off the easterly side of Route 202 between Litchfield and Torrington located in an R-80 zone.
On August 21, 1989, the Commission held a public hearing on the Barbero application. Notice of the public hearing to be held on August 21, 1989 was published in the Litchfield Enquirer on August 10, 1989 and August 17, 1989. At its meeting of August 23, 1989 the Commission voted to approve the Barbero application. Notice of the decision of the Commission was published in the Enquirer on August 31, 1989. On September 13, 1989 the plaintiffs appealed the decision of the Commission to this Court.
The plaintiffs are abutting owners of land to that of the applicant and are therefore aggrieved. Conn. Gen. Stat. Sec. 8-8(a); Weigel v. Planning and Zoning Commission, 160 Conn. 239, 248.
In passing upon a subdivision plan, a Planning Commission is controlled by its regulations and any subdivision plan which complies with the regulations must be approved by the Commission. Beach v. Planning and Zoning Commission, 141 Conn. 79, 83. The Commission has no discretion or choice but to approve a subdivision plan which conforms to its regulations. Langbein v. Planning Board, 145 Conn. 674, 679.
The guiding principle to be followed is that the action of the Commission is to be reviewed in light of the record developed before it. Blakeman v. Planning Commission, 152 Conn. 303, 306. In approving a subdivision plan, judgment and experience must be applied in each instance, and an administrative agency such as the Commission may act upon its own knowledge and observation as well as evidence presented to it at the hearing. Blakeman v. Planning Commission, 152 Conn. 303, 307.
Eugene Barbero and Thomas Barbero are the owners of a 39 acre parcel of land situated off the southeasterly side of Route 202 between Litchfield and Torrington. The land between the 39 acre Barbero parcel and Route 202 was developed in the 1940's as shown on a plan entitled, "Plan Showing Development of Litchfield Heights, Litchfield, Connecticut Aug. — 1949 Scale: 1" = 100'".
The Litchfield Heights map showed a proposed subdivision of 34 lots, a proposed road leading in a general southerly direction from Route 202, Ethan Allen Drive, terminating at the Barbero parcel and a proposed road CT Page 2120 running in a general east-west direction, Sally Burr Road. The proposed roads are 50 feet wide and were laid out to provide access from Route 202 to all the lots shown on said map. The Litchfield Heights map was filed with the Litchfield Town Clerk on August 30, 1949.
Lots 1 through 19 and 25 have been sold to third parties. The Barbero's property at that time consisted of lots 20 through 24 and 26 through 34 plus the roads shown thereon.
In 1971 the then-owner Joseph T. Barbero, conveyed Ethan Allen Drive and Sally Burr Road to the Town of Litchfield, as shown on a map entitled "Map of Land Owned by Joseph T. Barbero to be Conveyed for Highway Purposes to be known as Ethan Allen Drive and Sally Burr Road Litchfield, Connecticut Scale: 1" = 50'". The Barbero map was filed with the Litchfield Town Clerk in September 1971. That part of Ethan Allen Drive lying southerly of Sally Burr Road was labeled "Proposed Road" although it had been shown as Ethan Allen Drive on the Litchfield Heights map filed with the Town Clerk in 1949.
Subdivision regulations were adopted in Litchfield on September 9, 1966. Sometime thereafter the road width requirements were increased from 50 feet to 66 feet. The application which Barbero filed with the Commission states that 900 feet of road with storm sewers is proposed. The subdivision plan filed with the Commission shows the proposed subdivision road i.e. Ethan Allen Drive. The width of Ethan Allen Drive for its first 250 feet is 50 feet, the width of the remaining portion of Ethan Allen Drive is 66 feet,
The record indicated that Mr. Barbero is unable to obtain any additional land from those individuals owning land abutting the first 250 feet of Ethan Allen Drive so as to be in a position to comply with the present road width requirements of the subdivision regulations i.e. 66 feet.
The Commission after a full public hearing on the application, a review of its own subdivision regulations and a review of the circumstances surrounding the creation of the first 205 feet of Ethan Allen Drive with its width of 50 feet determined that this 250 foot section of Ethan Allen Drive existed as an accomplished fact and should be dealt with as such. Park Construction Co. v. Planning Zoning Board of Appeals, 142 Conn. 30
(1954). Like the present case, the Park Construction Co. case involved a previously approved private right-of-way, the current qualifications and conditions of which were questionable. Nevertheless, the court held that the road "exists as a fait accompli and must be dealt with as such."
The sole issue raised by the plaintiffs is that the Commission acted illegally, arbitrarily and in abuse of its discretion in approving the Barbero subdivision application because the first 250 feet of Ethan Allen Drive is not 66 feet wide as required by Section 6.7 of the subdivision regulations. CT Page 2121
Section 13a-71 of the General Statutes provides, in part, as follows:
 (a) No person, company or corporation, except the State or municipal corporations, shall lay out any highway in this State less than fifty feet in width unless with the prior written approval of a majority of the selectmen of the town. . .
 (b) No highway except a state highway shall be open to the public until the grade, layout, location, width and improvements of such highway have received the written approval of the majority of the selectmen of the town. . .nor until such approval has been filed in the office of the clerk of such town. . . No such clerk shall receive or place on file any map of any such new highway or highways, or any map of highway showing such new highways, until he has received a certificate, signed by a majority of the selectmen of the town, . . .that such new layout has been approved by such selectmen. . .
All of the roads shown on the "Litchfield Heights map" recorded with the town clerk on August 30, 1949, and all of the roads shown on the Barbero map, filed with the town clerk in September of 1971, are 50 feet wide and with the exception of that portion of Ethan Allen Drive lying southerly of Sally Burr Road have been accepted by the Town of Litchfield as town roads. Sally Burr Road and that portion of Ethan Allen Drive which have been accepted as a town road are open to the public and serve as the sole means of access from Route 202 to lots 1 through 19 and 25 as shown on the "Litchfield Heights map" and the "Barbero map" both of which maps have been filed with the town clerk.
There is a presumption that public officers have done their duty until the contrary appears. Adley Express Co. v. New Haven, 129 Conn. 560,563 (1942). The burden of proof on this issue rests with the plaintiffs. Leib v. Board of Examiners, 177 Conn. 78, 93 (1979). Hence it can be presumed that the grade, layout, location, width and improvements of the roads shown on each of the above maps has received the written approval of the board of selectmen of the Town of Litchfield. It can further be presumed that the town clerk of the Town of Litchfield would not have permitted either of the above maps to be filed in her office until she had received a certificate, signed by a majority of the board of selectmen, that the layout of the streets shown thereon had been approved by the board of selectmen.
The conclusions of the commission that (1) the first 250 feet of Ethan Allen Drive southerly of Sally Burr Road existed as an accomplished fact and should be dealt with as such and (2) that the subdivision plan submitted by Barbero to the Commission did in fact comply with all of the requirements of its regulations and therefore was entitled to approval are amply supported by the record and are therefore sustained by the court. CT Page 2122
The basic issue is whether the defendant planning and zoning commission acted illegally, arbitrarily or in abuse of its discretion when it approved the Barbero subdivision application having found that it meets all of the requirements of the zoning regulations and the subdivision regulations of the Town of Litchfield.
A reviewing court cannot substitute its judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally. Burnham v. Planning Zoning Commission, 189 Conn. 261, 266. There is a presumption that such a board as the planning commission has acted with fair and proper motives, skill and judgment. Strain v. Mims, 123 Conn. 275, 285; Burlington v. Jencik, 168 Conn. 506, 508-509. If it appears that the Commission has reasonably and fairly exercised its judgment after a full hearing, the court must be cautious about disturbing the authority. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 469.
The history of zoning legislation indicates a clear intention on the part of the general assembly that subject to certain underlying principles, the solution of zoning questions is for local agencies. Eden v. Town Plan 
Zoning Commission, 139 Conn. 59, 62. Where it appears that an honest judgment has been fairly and reasonably exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority. Kutcher v. Town Plan Zoning Commission, 138 Conn. 705, 710. The courts may not legally substitute its discretion for the wide and liberal discretion enjoyed by zoning agencies. Chouinard v. Zoning Commission, 139 Conn. 728, 731.
Acting in an administrative capacity, the Commission has found that the Barbero proposed subdivision of their property is in conformance with its subdivision regulations. The burden is on the plaintiffs to demonstrate from the record that this is not so, The court finds that from a review of the record, the Litchfield Planning Zoning Commission did not act illegally, arbitrarily or in abuse of the discretion vested in it and hence the appeal of the plaintiffs is dismissed.
PICKETT, J.