[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Diana M. Klug, had appealed a decision of the defendant, Torrington Planning and Zoning Commission, thereinafter called Commission) approving a resubdivision application of the defendant, Eugene F. Green, (hereinafter called Green) for two parcels of land owned by the defendant, Green, and John G. Napolitano.
By application dated June 15, 1987 and received by the Commission on said date, defendant, Green, applied to the Commission for approval of a Resubdivision (hereinafter called Green Application).
Conn. Gen. Stat., Sec. 8-26 concerning approval of subdivision and resubdivision plans, provided In relevant part "- No plan of resubdivision shall be acted upon by the Commission without a public hearing -" A similar provision is also part of the Subdivision Regulations of the defendant, Commission. Pursuant to said provisions, the Commission conducted a public hearing on July 8, 1987 with respect to the Green Application.
At its April 13, 1988 meeting, the Commission approved the Green Application by a vote of four to one.
The parties have stipulated and agreed to the following facts which are so found by the court:
1. The plaintiff is a person owning land which abuts the land which is the subject of the Green Application. CT Page 4208
2. In approving the Green Application, the Commission did not state the grounds for its action in the records of the Commission.
3. That Lee Ferry and Susan Cogswell (two of the Commission members) did not attend the July 8, 1987 public hearing on the Green Application but subsequently voted to approve said application at the meeting held on April 13, 1988.
4. Subsequent to the public hearing held on July 8, 1987, the Commission received and accepted the following:
 (a) Item K: A letter from the developer to Mr. Lee Ferry. Said letter was dated August 21, 1987 and stamped received by the defendant, Commission;
 (b) Item JJ: The revised plan for the subdivision showing various changes from the original plan submitted;
 (c) Item V: A letter from the developer's engineer dated February 19, 1988;
(d) Item DD: A letter to the City Engineer dated September 23, 1987;
 (e) Items NN and OO. As set forth in the defendant, Commission's supplemental return dated December 5, 1989.
5. Subsequent to the public hearing held on July 8, 1987, a stormwater computation for the proposed subdivision dated August 20, 1987, and prepared by the developer's engineer, was submitted on August 20, 1987, by the developer to the Torrington Inland-Wetlands Commission with its application to said Inland-Wetlands Commission. A copy of said stormwater computation was placed in the defendant Commission's file subsequent to the July 8, 1987 public hearing.
After said Commission's approval of the Green Application, the plaintiff, Klug, timely filed the appeal, claiming, that in approving the Green Application, said Commission acted illegally, arbitrarily and in abuse of discretion vested in it for a variety of reasons.
On September 19, 1988, pursuant to his motion to Intervene, the defendant, Eugene F. Green, was made a party defendant in accordance with the provisions of Conn. Gen. Stats. 8-28(b).
STANDING TO APPEAL
Conn. Gen. Stats. Sec 8-28 provided in relevant part:
 "- Any person aggrieved by such approval, or any person owning land which abuts or is within a radius of one hundred CT Page 4209 feet of any portion of the land involved in such approval, may appeal therefrom — — -to the superior court for the judicial district within which the municipality with such planning commission lies — — -."
From the evidence and the stipulation of the parties, the court finds that the plaintiff, Klug, owns land which abuts the land involved in the Commission's decision and pursuant to Sec. 8-28, is entitled to bring this appeal. SCOPE OF REVIEW
In exercising its function of approving or disapproving a resubdivision plan, a planning commission acts in an administrative capacity. Its action is controlled by the regulations adopted for its guidance. Blakeman v. Planning Commission, 152 Conn. 303, 306 (1965).
A planning commission, acting its administrative capacity, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance Reed v. Planning Zoning Commission, 208 Conn. 431, 433 (1988).
The trial court, in reviewing the action of a planning commission regarding a resubdivision application, may not substitute its judgment on the facts for that of the planning commission. Weatberly v. Town Plan Zoning Commission, 23 Conn. App. 115, 119 (1990).
Where the decision of the Planning and Zoning Commission is reasonably supported by the record, the courts do not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fairly exercised after a full hearing. Blakeman, supra, at page 306.
A party challenging the action of a planning and zoning commission bears the burden of proving that the commission acted arbitrarily or illegally. Burnham v. Planning Zoning Commission, 189 Conn. 261, 266
(1983) CLAIMS OF THE PLAINTIFF
In Paragraph 8 of her appeal to the superior court, the plaintiff has set forth six claims in its attempt to demonstrate that said Commission acted illegally, arbitrarily and in abuse of discretion vested in it.
The second of said claims recites:
 b. Said Commission received and considered evidence submitted to it subsequent to the public hearing held on July 8, 1987, in making its decision to approve the Green Application, although said Commission refused the public the opportunity to comment CT Page 4210 on such evidence or to submit other evidence to refute such evidence.
The parties have stipulated that said Commission did receive various items subsequent to the public hearing held on July 8, 1987, a list of said items having been set forth above.
The post hearing communications included:
(a) a letter from the developer indicating that the developer had modified the original plan by reducing the number of building lots from 80 to 72 and had reduced the length of two roads and had deleted a sewer pumping station and had added two storm water detention basins. The letter further indicated that a new plat plan was submitted with said letter.
(b) The revised plan for the subdivision showing various changes from the original plan.
(c) A storm water computation for the proposed subdivision dated August 20, 1987 and prepared by the developer's engineer.
(d) A letter from the developer's engineer to the City Engineer dated September 23, 1987 and received by the Commission on said date suggesting seventeen different changes to the site plan and further suggesting that a meeting be held with the developer.
(e) various additional resubdivision plans, some of which were revised to 4-6-88.
"While proceedings before zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence. . . nevertheless, they cannot be so constructed as to violate the fundamental rules of natural justice. . . . The commission could not properly consider additional evidence submitted by an appellant after the public hearing without providing the necessary safeguards guaranteed to the opponents of the application and to the public. `This means a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal. . . .'" "We noted further that planning and zoning commissions are entitled to technical and professional assistance in matters that are beyond their expertise, and that such assistance may be rendered in executive session. We held, however, that the use of such assistance. . . cannot be extended to the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information and to offer evidence in explanation or rebuttal." Blaker v. Planning Zoning Commission,212 Conn. 471, 477, 478 (1989) citing Pizzola v. Planning Zoning Commission, 167 Conn. 202, 207, 208 (1974). CT Page 4211
In this case, defendant Green's Application was for a resubdivision which required a public hearing pursuant to Conn. Gen. Stats. Sec. 8-26. The supplying of such post hearing information to the Commission by a party to the controversy is clearly improper. Blaker, supra.
Where, as hear, ex parte communications have been established, the burden shifts to the defendants to demonstrate that such communication was harmless. Blaker, supra at Page 478.
In support of its contention that such communication was harmless, the defendant, Green, claims that the size of the project was reduced from 80 to 72 lots after such communication and that the "open door policy" of said Commission and its staff allowed for any citizen to review the subdivision plans at any time.
Numerous items in addition to the reduced size of the development were altered as a result of the ex parte communications. Although the public may have had an opportunity to review these changes by meeting with the Commission Staff and by reviewing documents, those objecting to the proposed changes were denied an opportunity to publicity comment and introduce evidence to the contrary, a public hearing on a resubdivision application being mandatory, pursuant to Sec 8-26 of the Conn. Gen. Stats.
There is a distinct likelihood that the post hearing communications received by the Commission in this matter has tainted the fairness of the proceedings.
Therefore, the defendants have not met their burden of demonstrating that the ex parte communications were harmless.
". . . because the Commission did act illegally, we should go no further than to sustain (the) . . . appeal and remand this entire matter to the commission for a new hearing in accordance with law." Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 575. (1988).
In light of the findings and conclusions above, there is no need to address the other claims of the plaintiff.
Accordingly, the appeal is sustained and the case is remanded for further proceedings not inconsistent with this opinion.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT. CT Page 4212