[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ernest Catropa, has appealed the decision of the defendant, New Milford Planning Commission, denying his application for an eleven lot subdivision on his property located off Town Farm Road and Hine Hill Road in New Milford.
The application dated December 6, 1989 was received by the commission and discussed at its regularly scheduled meeting of January 18, 1990. The application was continued for discussion at regularly scheduled meetings on February 15, 1990, April 5, 1990 and April 19, 1990. At the April 19th meeting the commission voted unanimously to deny it for the following reasons:
. . .no solar energy plan was submitted; section 5.03 A.3 of our Regulations and Subsection 8-25, subsection (b) of the State Regulations; since 50% or more of all the lots have extensive cuts and fills, the health, safety, welfare of anyone in the Town is a concern; the driveways have a 12% to 15% grade which is jeopardizing the health, safety welfare of the community (Section 8-25, Section (a) Subdivision of Land, in the State Regulations); . . .
Thereafter on May 29, 1990, the plaintiff filed this appeal claiming that the action of the commission was arbitrary and in abuse of discretion as follows:
a. in that it failed to consider the size and intensity of the proposed use of the property in question and the effect of the use which was consistent with other uses in the area.
b. in that it failed to consider or improperly considered the approval given the proposed plan by the Inland Wetlands Commission in accordance with the Town's procedure, prior to the application being submitted;
c. in that in failed to consider, or improperly considered, the reports of the Town Planner, Fire Marshal, Public Works Department and Director of Health Department, to whom the plan had been submitted for review in accordance with the Town's procedure prior to the application being submitted;
d. in that it improperly considered the impact on the "health, safety welfare of anyone in the town", when no evidence thereof was submitted at the public hearing;
e. in that it improperly considered or cited the petition as lacking a solar access plan, when there is no regulation mandating same, nor was Plaintiff-petitioner ever apprised of the necessity for said solar access plan. CT Page 2539
f. in that it improperly considered the driveway grades to jeopardize the "health, safety welfare of the community", when no evidence thereof was submitted at the public hearing.
g. in that the proposed use is in accordance with the Town's comprehensive plan and is suitable for the property.
In addition to these reasons, the plaintiff claims that the decision must be renewed on the grounds that the commission did not render a decision within sixty-five days of receiving the application as required by General Statute Sec. 8-26.
 I
While aggrievement is a jurisdictional requirement which must be met before a court may entertain an appeal. Walls v. Planning 
Zoning Commission, 176 Conn. 475, 479, there is no question in this case since Mr. Catropa is the owner of the property and the applicant. Conn. Gen. Stat. 8-28, As such, he is therefore entitled to appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321.
 II
Upon appeal the court cannot substitute its judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by the decision establishes that the commission acted arbitrarily or illegally. Burnham v. Planning Zoning Commission,189 Conn. 261, 266. There is a presumption that such a board as the planning commission has acted with fair and proper motives, skill and sound judgment. Strain v. Mims, 123 Conn. 275, 285; Burlington v. Jencik, 168 Conn. 506, 508-509. If it appears that the commission has reasonably and fairly exercised its judgment after a full hearing, the trial court must be cautious about disturbing the decision of the authority. Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 469.
 III
In passing upon subdivision plans, the commission is to be controlled by the regulations which it has adopted. Beach v. Planning Zoning Commission, 141 Conn. 78, 84 (1954). This court, in turn, has to decide whether the board correctly interpreted the applicable regulation and applied it with reasonable discretion to the facts. Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620 (1968). In passing upon plans, a commission is controlled by the regulations which it has adopted. Any subdivision plan which complies with those regulations must be approved; any subdivision plan which fails to comply with those regulations must be modified and approved or disapproved. Beach v. CT Page 2540 Planning Zoning Commission, 141 Conn. 79, 83; Langbein v. Planning Board, 145 Conn. 674, 679; Westport v. Norwalk, 167 Conn. 151, 156.
Section 8-25 of the General Statutes provides, in part as follows:
 Such regulations shall provide that the land to be subdivided shall be of such character that it can be used or building purposes without danger to health or the public safety, that proper provision shall be made for water, drainage and sewerage. . .and that proposed streets are in harmony with existing or proposed principle thoroughfares shown in the Plan of Development as described in 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. . .The Commission may also prescribe the extent to which and the manner in which streets shall be graded and improved and public utilities and services provided. . .
Pursuant to the authority conferred upon it by virute of the provisions of the General Statutes, the commission has adopted a set of subdivision regulations. Section 5.02 of those regulations provides, in part, as follows:
 The land to be subdivided shall be of such character that it can be used for building purposes without danger to health or public safety. Land subject to periodic flooding, poor drainage, steep slopes or other hazardous conditions, shall not be subdivided.
Section 5.03 provides in part, as follows:
 Proposed streets shall be appropriate to the topography and location, giving due consideration to contours and natural features. . .
Subparagraph A(1) of Section 5.03 of the regulations provides as follows:
The street right-of-way shall have a minimum width of 50 feet.
A review of the record including the minutes of the commission demonstrates that there was sufficient information before the commission to enable it to decide that the subdivision plan presented to it by Catropa did not satisfy the provisions of Section 5.02 of the regulations requiring that "the land to he subdivided shall be of such character that it can be used for building purposes without danger to health or public safety."
In addition thereto, the information before the Commission afforded CT Page 2541 a reasonable basis for its finding that Section 5.03 of the subdivision regulations providing that "proposed streets shall be appropriate to the topography and location, giving due consideration to contours and natural features" was not satisfied.
Although the standards set forth in Sections 5.02 and 5.03 of the regulations are general in nature they do provide sufficient guidance to the commission and the applicant to determine whether a particular parcel of land can be subdivided without danger to health or public safety. Blakeman v. Shelton Planning Commission,152 Conn. 303; Forest Construction Co. v. Bethany Planning and Zoning Commission, 155 Conn. 699; Town of Lebanon v. Woods, 153 Conn. 182. The sections of the subdivision regulations are entirely adequate to guide the commission and the subdivision applicant in determining whether a proposed subdivision of land can be accomplished without danger to health or public safety.
A review of the record discloses that a barn owned by an abutting landowner is located partially in the right-of-way of Catropa Lane. Attached to record item #13 of the record is a letter dated April 11, 1990 from Brian C. Curtis to Glen MacWilliams, New Milford Town Engineer wherein the following is stated at page 1:
"Apparently a barn was constructed by the neighbor Tito, with 1.6 feet of the building extending over the property line of E M Development. This construction was performed without the permission of E M Development. We assume that since side yard setbacks were not adhered to the construction was also performed without a building permit."
The Catropa subdivision is located in an R-60 zone which has a front yard requirement of 50 feet, a side yard requirement of 40 feet and a rear yard requirement of 50 feet. The location of the barn of an abutting landowner within the right of way of Catropa Lane violates the zoning regulations of the Town of New Milford. The barn is now owned by the applicant and he has no inclination to commence whatever action is appropriate against the abutting landowner to remove it. The commission could not approve the Catropa subdivision application until this particular situation was resolved and the application was brought into compliance with the zoning regulations.
 IV
The plaintiff claims that his subdivision application has been automatically approved because the commission did not take action with respect to it within sixty-five days of its receipt as required by Section 8-26d subparagraph (b) and (c) of the General Statutes.
Section 8-26 of the General Statutes provides, in part, as follows:
The failure of the commission to act thereon shall be considered CT Page 2542 as an approval, and a certificate to that effect shall be issued by the commission on demand.
Record item #2 is a certificate filed with the planning commission stating that "E M Development Corp. (Ernie M. Catropa) presented plans for Catropa Estates located at Hine Hill and Town Farm Road to the Inland Wetlands Commission of the Town of New Milford. The proposed activity does require further review by the Commission. A permit application to conduct such activity has been filed with the Inland Wetlands Commission."
Section 8-26 of the General Statutes further provides, in part, as follows:
 If an application involves land regulated as an inland wetland or watercourse under the provisions of Chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application is filed for subdivision or resubdivision. The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency.
Section 8-26d(d) provides, in part, as follows:
 Notwithstanding the provisions of this section, if an application involves an activity regulated pursuant to 22a-36 to 22a-45, inclusive, and the time for a decision by a planning commission established pursuant to this section would elapse prior to the thirty-fifth day after a decision by the inland wetlands, the time period for decision shall be extended to thirty-five days after the decision of such agency.
Record item #7 is a copy of the decision of the New Milford Inland Wetlands Commission dated March 27, 1990 wherein the wetlands commission states that the application of Ernie Catropa for Catropa Estates was reviewed and approved by the wetlands commission at its meeting of March 22, 1990. Therefore, pursuant to the provisions of 8-26d(d) of the General Statutes, the planning commission had until April 26, 1990 to render its decision.
The action taken by the commission at its meeting of April 19, 1990 denying the plaintiff's subdivision application was within the time limits prescribed by the above provisions of the General Statutes and hence the plaintiff's subdivision application was not automatically approved as the plaintiff asserts.
V CT Page 2543
For the reasons stated, the court finds that the decision of the commission denying the plaintiff's subdivision application was not arbitrary or in abuse of discretion and made in accordance with law. Accordingly, the appeal is dismissed.
Pickett, J.