[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Willington CT Page 2365 Planning and Zoning Commission ("Commission") denying the plaintiff's subdivision application.
FACTS
The plaintiff, Darwendshire Downs, Inc., owns a parcel of land known as Old Farms West in Willington, Connecticut. The parcel is approximately 40.639 acres and is located in a residential (R-80) zone. Return of Record (ROR), Exhibit A, Subdivision Application Form. On July 3, 1990, the plaintiff submitted an application to the Commission for a subdivision of the 40.639 acre parcel of land into ten lots. However, the ten lots comprise only about twenty-five acres of land. The plaintiff proposed that ten acres out of the 40.639 acres be used as open space. ROR, Exhibit P, p. 2. Five acres are unaccounted for. Plaintiff also owns about 40 acres of land contiguous to the 40.639 acre parcel referred to above. Both parties refer to this other 40 acres as the "remaining land," which is mostly wetlands and simply is to stand unused. Whether the two 40 acre parcels are divided by a lot line or are in fact one 80 acre lot is not revealed in the record. ROR, Exhibit P, p. 5. A public hearing was held on August 21, 1990. ROR, Exhibit P. The Commission denied the application on September 18, 1990 for the following reasons:
 (1) the "remaining land" was not shown to have any buildable area at this time; (2) no wetland access was approved from Mirtl Road to the remaining land; (3) the land designated as open space on map would be a land locked piece inaccesable [sic] to residents of the town of Willington; and (4) does not conform to the town's Plan of Development.
ROR, Exhibit S. The plaintiff filed its appeal on October 15, 1990.
A. Aggrievement
General Statutes Section 8-8 provides that a party must be aggrieved in order to maintain an appeal to the superior court from a decision of a zoning board. Here, the record and testimony before this Court indicates that the plaintiff owns the land at issue. ROR, Exhibit A, Subdivision Application Form. Therefore, the plaintiff is aggrieved. See Bossert Corp. v. City of Norwalk, 157 Conn. 279, 285,253 A.2d 39 (1968).
SCOPE OF REVIEW CT Page 2366
A planning commission acts in an administrative capacity when it approves or disapproves a subdivision plan. RK Development Corp. v. Norwalk, 156 Conn. 369, 376,242 A.2d 781 (1968). In passing upon a subdivision application, the commission is controlled by the regulations adopted for its guidance. Westport v. Norwalk, 167 Conn. 151, 155,355 A.2d 25 (1974). "`It has no discretion or choice but to approve a subdivision which conforms to the regulations.'" Id., 155. "Conversely, if the subdivision plan does not conform to the regulations the plan must be disapproved." Id., 158.
 In testing the decision of the commission, its action "is reviewed in the light of the record developed before it." Blakeman v. Planning Commission, 152 Conn. 303, 306, 206 A.2d 425. "It is enough to point out the reasonableness of the conclusions arrived at. . . . `The essential question, in any case, is whether. . . [the commission's decision] is reasonably supported. Courts do not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fairly exercised after a full hearing.'" Id., 308.
The commission's action should be sustained if any one of the stated reasons is sufficient to support the commission's action. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). Recently, the supreme court affirmed an opinion of the appellate court in which the latter held that even when the local authority provides reasons, if those "reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." See Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732, 546 A.2d 919
(1988), aff'd 211 Conn. 76 (1989) (per curiam).
Therefore, it follows that neither the lack of a stated reason nor an inadequate reason provides a ground, in and of itself, for dismissal. The plaintiff must still prove that the Commission acted illegally, arbitrarily or in abuse of its discretion in denying the subdivision application.
DISCUSSION
The plaintiff, in its brief, argues that (1) the "remaining land" "was not submitted [to the Commission for approval] as a building lot," and therefore, whether or not it is "buildable" is irrelevant; (2) the Inland Wetlands Commission approved the subdivision application; (3) the CT Page 2367 Commission may not require open space for public use unless it it offered to the Town by the applicant and accepted by the Town, and absent such an offer, the Town may not require that open space be given to the Town as a condition of approval; (4) the application for subdivision was consistent with the zoning and subdivision regulations, and the Commission did not find fault with the layout or design of the lots. Therefore, the plaintiff argues that the proposed subdivision does conform to the town plan of development.
The defendant argues that the proposed subdivision divides plaintiff's 80 acres into ten numbered lots and two unnumbered parcels, including one area of open space and one area designated "remaining land." The defendant contends that the "remaining land" is a de facto lot subject to the requirements of the Town of Willington Subdivision Regulations (subdivision regulations) and The Zoning Regulations for the Town of Willington (zoning regulations). In particular, the defendant maintains that the "remaining land" violates Sec. 1.1; Sec. 2.2.3(g), (i), (n), (o), (p), and (t); Sec. 2.2.4(g),; Sec. 2.2.18; Sec. 3.5 and Sec. 3.6 of the subdivision regulations, as well as the definition of "lot" in Sec. 1.2 and the frontage requirement in Sec. 3.1.2 of the zoning regulations. The defendant asserts that the record supports the view that the Willington Inland Wetlands and Watercourses Commission (Wetlands Commission) never approved access to the "remaining land" in that the Wetlands Commission approved only the ten lot subdivision not including the "remaining land." The defendant argues that since the Wetlands Commission never addressed the "remaining land," the Commission had no basis for concluding that the parcel was suitable for development as is required of "lots" by Sec. 3.6 of the subdivision regulations. As to the proposed open space, the defendant argues that regardless of who ultimately owns the open space, the proposal did not conform to the plain requirements of Sec. 3.5 of the subdivision regulations. The defendant does not address the issue of conformance with the town's plan of development, however, a review of the record indicates that the defendant's action was supported by the record, and the court finds that the plaintiff has not met its burden of proving that the Commission acted illegally, arbitrarily or in abuse of its discretion.
The Commission's first reason for denial was that the "remaining land" was not buildable. The defendant argues that the proposed subdivision is not a subdivision of a 40.639 acre legal lot but a de facto subdivision of an 80 acre legal lot into ten developed lots, the open space, and one forty acre lot called "remaining land" which the CT Page 2368 defendant contends must be buildable. Since the record does not contain a town map depicting the size and boundaries of the legal lots, a determination can not be made as to whether the plaintiff is attempting to subdivide 80 acres rather than 40.639 acres as stated in the application. If the legal lot is 80 acres, the subdivision application submitted for the Commission's approval should reflect that. General Statutes Section 8-26. It does not.
However, even if the plaintiff submitted a plan to subdivide 80 acres and 40 acres were left undeveloped, the record reveals no requirement that all parcels resulting from a subdivision be buildable. Section 1.1 of the subdivision regulations defines a subdivision as the "division of a tract or parcel of land into three or more lots for the purpose, whether immediate or future, of sale or building development expressly excluding development for agricultural purposes, and includes resubdivision." This section merely defines a subdivision as being a division of a larger lot for the purpose of sale or building development, and does not make any requirement that every parcel of a subdivision be suitable for building development. Therefore, the Commission's first reason for denial is not supported by the record.
The Commission's second reason for denial was that "no wetland access was approved [by the Wetlands Commission] from Mirtl Road to the remaining land." But even if the "remaining land" is a de facto lot, neither the subdivision nor the zoning regulations prohibit portions of lots to remain undeveloped while other portions are developed. Nor do the regulations require that the parcels which remain undeveloped contain a driveway. Since no such access is required by the applicable regulations, no approval beyond that already given by the Wetlands Commission is necessary. Therefore, the second reason is not supported by the record.
The Commission's third reason was that the open space would be inaccessible to Town residents. While the plaintiff argues that the Commission has no right to require open space for general public use unless it it offered to and accepted by the Town, the record reveals that the plaintiff has proposed dedicating about ten acres of the land directly abutting the "buildable" land as open space. ROR, Exhibit P, pp. 3, 5, 7. Even if the proposed open space was not formally offered to the Town, as the plaintiff asserts in its brief, the Commission is authorized to require such open space. Subdivision Regulations Sec. 3.5; General Statutes Section 8-25; Aunt Hack Ridge Estates, Inc. v. Planning Commission of City of Danbury, 160 Conn. 109, 263 A.2d 880
CT Page 2369 (1970).
Section 3.5 of the subdivision regulations requires as follows:
 OPEN SPACES: In subdivisions proposed for residential development, open spaces for parks and playgrounds shall be provided in places deemed proper by the Commission and reserved for common use by all property owners in the subdivision by covenant in the deed unless such open spaces are offered to and accepted by the Town. Land reserved for open spaces shall be of such size, location, shape, topography and general character as to be useful to satisfy the needs determined by the Commission. Proper pedestrian and vehicular access shall be provided for each such reservation. Reservation of land shall conform to any Town Master Plan pertaining to parks, playgrounds, recreation areas and open spaces. The Commission, in requiring the provision of open space, shall consider the proper development of the Town, the density of population and existing public open spaces in the vicinity of the subdivision.
So regardless if the open space is offered to and accepted by the Town or not, the regulation requires proper pedestrian and vehicular access to the open space. Here, the record indicates that there is pedestrian access but no vehicular access to the open space. ROR, Exhibit I; Exhibit P, p. 6. The subdivision application does not, therefore, comply with Section 3.5 of the subdivision regulations, and the Commission's third reason for denial is supported by the record.
Finally, the Court finds the record does not support the Commission's finding that the proposed subdivision does not conform to the town's plan of development. A plan of development "shall show the [planning] commission's recommendation for the most desirable use of land" and "shall be a statement of policies, goals and standards for the physical and economic development of the municipality. . . ." General Statutes Sec. 8-23. A plan of development or master plan "is controlling only as to municipal improvements and the regulation of subdivisions of land." Levinsky v. Zoning Commission, 144 Conn. 117, 123, 127 A.2d 822 (1956).
Here, the record contains no plan of development nor any statement of policies, goals and standards for the physical and economic development of the municipality. Since there is CT Page 2370 no evidence in the record as to whether the proposed subdivision conforms with the plan of development, the Commission's fourth reason for denial is not supported by the record.
CONCLUSION
The Court finds the record supports the Commission's third reason for denying the application. Its action must be sustained if any one of the stated reasons is sufficient to support the decision. Primerica v. Planning Zoning Commission, supra. Accordingly, the appeal is dismissed.
BY THE COURT, HON. LAWRENCE C. KLACZAK SUPERIOR COURT JUDGE