[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the Stafford Planning and Zoning Commission approving a fourteen lot subdivision of a 39.36 acre tract located on Westford Road in the Town of Stafford.
The defendants Joseph Mihaliak, Herbert Harrison and Margaret Harrison submitted an application for approval of the subdivision on November 14, 1989. Following public hearings held on November 28, 1989, December 12, 1989, January 9, 1990 and January 23, 1990, the Planning and Zoning, on March 27, 1990, voted to approve the subdivision subject to certain modifications. The decision was duly published and this appeal was timely brought.
I. Aggrievement
The plaintiff, Andrew Serio, testified without contradiction that he and Arlene Avery are the owners of property located at 60 Westford Road in Stafford and that they have owned said property for five years. He further testified that 60 Westford Road is immediately across the street from the applicant's property and within 100' of it. The Court finds the plaintiffs are aggrieved. (Conn. Gen. Stat. Sec. 8-28).
 II. Compliance with Conn. Gen. Stat. Sec. 8-26f
(Notice to Adjoining Municipality)
The plaintiffs claim a failure of compliance with Sec.8-26f which requires, in part, that notice of an application concerning any project on a site within 500 feet of the CT Page 2457 boundary of such adjoining municipality be given to the clerk of the adjoining municipality by certified mail, return receipt requested.
This issue, raised by the plaintiffs in their brief, was not pleaded in the complaint as one of the grounds for appeal. There are three grounds of appeal stated in the complaint, as follows:
A. There was insufficient information before the defendant commission, relative to drainage of the proposed subdivision.
B. The proposed subdivision did not comply with all of the defendant commission's subdivision regulation requirements, including but not limited to site lines, road grade, road intersection, drainage, wetlands, lot frontage and map requirements.
C. Information from the applicant was received during the deliberation process after the public hearing had been closed.
This is an administrative appeal brought pursuant to Conn. Gen. Stat. Sec. 8-8. Sec. 8-8(g) provides that "The appeal shall state the reasons on which it has been predicated -." Appeals to the courts from the decisions of administrative agencies exist only under statutory authority. Rybinski v. State Employees' Retirement Commission, 173 Conn. 462,472 (1977).
Because an administrative appeal exists only under statutory authority there must be strict compliance with the applicable statutory provisions. Royce v. Freedom of Information Commission, 177 Conn. 584, 587 (1979). By failing to comply with the statutory requirement in this case, the defendants do not have the opportunity to take steps to correct or otherwise rectify the claimed defect. The Court, therefore, declines to consider this issue. American Law of Zoning, Sec. 27.23.
The plaintiffs also claim a failure of proof of notice to the Windham Regional Planning Agency as required by Conn. Gen. Stat. Sec. 8-26b. That statute provides in relevant part as follows:
 Whenever a subdivision of land is planned, the area of which will abut or include land in two or more municipalities one or both of which are within a region or regions having a regional planning agency or agencies, the planning commission, where one CT Page 2458 exists, of each such municipality shall, before approving the plan, submit it to the regional planning agency or agencies of the region in which it or the other municipality is located.
The plaintiffs claim that the Town of Willington is a member of the Windham Regional Planning Agency, and that the record contains nothing to indicate compliance with this requirement. This alleged lapse was not raised at any of the public hearings, nor did the plaintiffs cite this in their complaint as a reason on which the appeal is predicated. The issues in this appeal are framed by the pleadings and for the same reasons discussed in connection with the claimed violation of Sec. 8-26f, the Court also declines to review this claim.
 III. Compliance with all of the subdivision regulations of the Town of Stafford
In reviewing a subdivision application a planning commission acts in an administrative function as opposed to a legislative one. Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669, 674 (1967). Thus, if the subdivision plan conforms to the existing regulations the planning commission has no discretion but to approve the application. Conversely, if the subdivision plan does not conform to the existing regulations, it must be denied. Westport v. Norwalk, 156 Conn. 151, 157-158 (1974). The plaintiffs claim the plan does not conform to the subdivision regulations in the following particulars:
1. Street Grades: The plaintiffs claim the applicant's plan of development provided for a street grade in excess of that allowed by the zoning regulations, which provide as follows: "Within 100 feet of an intersection, the grades of proposed streets shall not exceed three percent." (Sec. 3.3.4.2, Zoning Regulations, Town of Stafford Springs).
Upon remand to the defendant Commission (See Memorandum of Decision dated October 18, 1991), the subdivision plan was modified and approved to require compliance with the zoning regulations. (Amendment to Return of Record dated January 3, 1992). The plan is, therefore, in accordance with street grade requirements.
2. Drainage: The plaintiffs further claim that the plan failed to comply with the zoning regulations regarding drainage by failing to adequately indicate drainage facilities and by failing to do an analysis of the effect of the subdivision on downstream areas as provided for in the CT Page 2459 regulations. Drainage was, in fact, an issue discussed in detail by the applicant's engineer and the Court concludes the plan did comply with the drainage regulations.
The northerly portion of the subdivision provided for drainage into a pond which would act as a detention basin: (Transcript of Hearing, November 28, 1989, Pages 7, 17, 18, 45, 50, 51, 52, 54, 55, 56; Transcript of Hearing, January 9, 1990, multiple unnumbered pages).
In addition to the maps and plans, there was testimony to the effect that there would be no effect on downstream areas because any increased runoff from the subdivision would be minimal. The Commission did require the applicant to comply with a recommendation of the Tolland County Soil and Water Conservation District to install a new culvert to insure proper drainage from the holding pond.
In short, the record reasonably supports the conclusion reached by the Commission that the subdivision plan made proper provision for drainage. From the evidence, the Commission could reasonably have determined the plan would have no downstream effect outside the area. That analysis was accepted by the Commission.
The Court cannot substitute its judgment for that of the commission's which is reasonably supported by the record. Blakeman v. Planning Commission of Shelton, 152 Conn. 303
(1965), and the Court finds there is a reasonable basis in the record to find that the subdivision plan complied with the regulations as they relate to drainage.
3. Wetlands: The plaintiffs submit that the wetlands shown on the subdivision plan differ from those shown on the "Inland Wetlands Watercourse Mapping of the Municipality," thus the Commission had incorrect inland wetlands data for its consideration. In fact, this subdivision plan was presented to the Inland Wetlands Commission for its review and it determined that no regulated activity was involved. The subdivision plan (Sheet 2) states that "the wetland soils on this property were identified in the field using the criteria required by Connecticut P.A. 72-155 as amended byP.A. 73-571 and are accurately represented on this plan." From the record, the Commission was entitled to conclude that the designated wetlands shown on the plan were accurately represented.
4. Passive Solar Energy Consideration (Conn. Gen. Stat. Sec. 8-25b). CT Page 2460
The plaintiffs claim that the Commission failed to address the statutory requirements encouraging energy-efficient patterns of development and land use.
Section 8-25(a) requires planning commissions to adopt regulations covering the subdivision of land. Subsection (b) requires that the regulations adopted under subsection (a) shall require the applicant for subdivision approval to demonstrate that he has considered using certain passive solar energy techniques enumerated in the statute.
In reviewing the subdivision regulations of the Town of Stafford Springs, the Court does not find any regulation concerning passive solar energy, nor has either counsel alluded to any in their briefs. The record contains nothing to indicate this matter was addressed by anyone.
When a planning commission considers the approval or disapproval of a subdivision plan, it is acting in an administrative capacity. When it acts in an administrative capacity, it has no discretion or choice but to approve a subdivision if it conforms to the local zoning regulations. Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370,374, (1990), citing Reed v. Planning Zoning Commission, 208 Conn. 431, 433 (1988). In this case, since there was no zoning regulation in effect on this issue, there was no failure of compliance with regards thereto.
Where it was claimed that a zoning regulation failed to adequately define a wetland, thereby lacking standards sufficient to enable those affected to know their obligations, our Supreme Court has held that the appropriate procedural vehicle to attack a regulation was a declaratory judgment action and not an appeal from an individual application. Bombero v. Planning Zoning Commission,218 Conn. 737, 742 (1991). Spero v. Zoning Board of Appeals,217 Conn. 435 (1991).
Although the plaintiffs have not framed this issue in terms of the validity of the zoning regulations, in essence their position should, probably be that the zoning regulations are defective because they fail to contain passive solar energy provisions as required by statute, and that is not properly the subject of an appeal from the approval of a subdivision plan.
CONCLUSION
The issues of lack of notice to the adjoining municipality and the Regional Planning Agency were not cited CT Page 2461 as reasons for the appeal in the pleadings, and are not considered.
The record supports the Commission's conclusion that the proposed subdivision plan complied with existing zoning regulations.
Accordingly, the appeal is dismissed.
BY THE COURT, HON. LAWRENCE C. KLACZAK SUPERIOR COURT JUDGE