[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The plaintiff, Basil E. Keiser, brings this appeal from a decision of the Redding Zoning Commission, approving a special permit and site plan application, to permit construction of a wastewater treatment facility.
The application (ROR 5 and 8) was made jointly by Gilbert Bennett Manufacturing Company, the owner of the property, and the Redding Water Pollution Control Commission (WPCC). CT Page 2126
The proposed use contemplated a treatment facility which would comply with an abatement order issued to the Town of Redding by the Connecticut Department of Environmental Protection (ROR 1, p. 3).
The facility, consisting of two steel tanks affixed to concrete slabs, and a control building, was designed for the treatment of domestic wastewater, and the removal of sludge.
The wastewater treatment facility is located on a small portion of a 5.97 acre parcel owned by the Gilbert Bennett Manufacturing Company (ROR 25).
The area designated for the facility consists of 7,881 square feet, or 0.1809 acres (ROR 25).
Although the larger Gilbert Bennett parcel abuts the Norwalk River, the parcel designated for the treatment plant is outside the 100 year flood line, and contains no watercourses (ROR 25).
A public hearing was conducted on September 13, 1995.
All abutting land owners were notified by certified mail, return receipt requested (ROR 4 and 23).
The plaintiff filed a notice of intervention at the time of the hearing, pursuant to § 22a-19(a) of the Connecticut General Statutes.
The notice claims that approval of the site plan and special permit by the commission would have the effect of "unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." (ROR 11.)
At the public hearing, the applicants presented testimony concerning the history of the project, and the abatement order issued to the town of Redding in 1989 (ROR 24, p. 3).
The applicants presented expert testimony concerning construction and excavation work associated with the project, landscaping, traffic concerns, and an odor control system on the premises (ROR 24).
The plaintiff, Basil Keiser, testified, both individually, CT Page 2127 and through counsel.
Prior to the September 13 public hearing, the topic of a waste treatment facility was discussed at the August 8, 1995 meeting of the defendant, Redding Zoning Commission (Supplemental ROR).
Following the public hearing, the commission voted to approve both the issuance of a special permit and the site plan, subject to certain conditions contained in a memo from Malcolm Pirnie to Richard Gibbons (ROR 9).
The plaintiff appealed, claiming that the commission's decision was arbitrary, capricious, and in abuse of its discretion.
Basil E. Keiser claims to be classically aggrieved by the action of the commission (Amended Complaint, dated November 16, 1995, paragraph 10), and further claims standing to appeal based upon the filing of a notice of intervention (ROR 11) pursuant to General Statutes § 22a-19(a).
 PLAINTIFF HAS NOT DEMONSTRATED CLASSICAL AGGRIEVEMENT
Because the plaintiff does not claim to be statutorily aggrieved within the meaning of § 8-8 (a)(1) of the Connecticut General Statutes,[1] he must satisfy the well established twofold test for classical aggrievement.
The plaintiff must successfully demonstrate: (1) a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as the concern of all members of the community as a whole; and (2) he must establish that this specific personal interest has been specifically and injuriously affected by the decision. CannavoEnterprises, Inc. v. Burns, 194 Conn. 43, 47 (1984); Primerica v.Planning Zoning Commission, 211 Conn. 85, 92-93 (1989);Bakelaar v. West Haven, 193 Conn. 59, 65 (1984).
The burden of proving aggrievement rests with the plaintiff.I.R. Stich
Associates, Inc. v. Town Council, 155 Conn. 1, 3 (1967).
Although he is a resident of the Town of Redding, the CT Page 2128 plaintiff does not claim to be aggrieved based upon his ownership of property on Dorethy Road, Redding.
Instead, he claims aggrievement based upon his beneficial ownership in land, located approximately 1.7 miles from the Gilbert Bennett parcel, in the Town of Wilton.
This property, which is the subject of a trust, is located along the Norwalk River (Exhibit 3).
The plaintiff did not produce a copy of the trust instrument, and the current trustee, tile successor to Thurston Greene (Exhibit 2), is not a party to this appeal.
The plaintiff does not claim that he is authorized to prosecute this appeal on behalf of the trust, or in the name of any groups or associations dedicated to the care and preservation of the Norwalk River.
The plaintiff's deep and abiding concern for the Norwalk River, and his passionate commitment to the cause of conservation and environmental protection, cannot be questioned.
He maintains an emotional attachment to the land where he played as a child, and scrutinizes carefully any activity which might pollute the water, pose a danger to fish or wildlife, or render the river unsuitable for recreational pursuits.
The plaintiff's laudable motives and sincerely held convictions, however, cannot obscure his inability to prove classical aggrievement.
No evidence was presented, indicating that the property in which the plaintiff holds a beneficial interest has been devalued because of the approval of a waste treatment facility 1.7 miles away.
There is no expert testimony in the record regarding hazardous waste on the site of the wastewater treatment plant, or any toxic contamination flowing into the Norwalk River from the treatment facility.
No evidence was presented demonstrating that pollutants emanating from the treatment plan flowed into the Norwalk River, contaminating wells or springs on the plaintiff's property, or CT Page 2129 that of any other riparian owner along the Norwalk River.
Although there was testimony by the plaintiff concerning "oxides," they were last observed years before the plant was constructed.
There was no proof presented, either in the record or at the trial of this case, that the quality of the water had been adversely affected by the operation of the sewage treatment plant.
While it is true that aggrievement may be established upon a possibility, as distinguished from a certainty, that some legally protected interest has been affected; O'Leary v. McGuinness,140 Conn. 80, 83 (1953), the mere allegation of a danger of pollution, without more, is insufficient to establish aggrievement. Langbein v. Planning Board, 145 Conn. 674, 676
(1958).
Aggrievement may be founded upon evidence of actual flooding of a piece of property, expert engineering testimony regarding the adequacy of a drainage system, and evidence of the diminution in value of a particular property.Hall v. Planning Commission,181 Conn. 442, 445 (1980).
Neither the record nor the testimony of the plaintiff demonstrates any evidence, independent of the plaintiff's apprehensions, that harm to the trust property will occur. Mere generalizations, fears and apprehensions, however, eloquently they may be expressed, do not establish aggrievement. Walls v.Planning Zoning Commission, 176 Conn. 475, 478 (1979); Hughesv. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
There is no evidence that the plaintiff, Basil Keiser, has been specifically and injuriously affected by the action of the Redding Zoning Commission from which he has appealed.
The defendant cites Pomazi v. Conservation Commission,220 Conn. 476 (1991), for the proposition that a possibility that the interest of a riparian owner will be adversely affected is sufficient to establish aggrievement.
The defendant's reliance upon Pomazi is misplaced.
Pomazi involved an appeal from a decision of the wetlands CT Page 2130 agency of the Town of Redding, in which the parties stipulated to the possibility that the stream and wetland flowing through the plaintiff's land, would be polluted by a horse riding academy.
The parties also stipulated that a well, located on the plaintiff's property, could be adversely affected. Pomazi v.Conservation Commission, supra, 483.
The court specifically declined to hold that every downstream riparian owner is classically aggrieved by pollution of an upstream watercourse. Pomazi v. Conservation Commission, supra, 484.
Here, there is no stipulation and no evidence of any specific adverse impact upon the property in which the plaintiff, Basil Keiser, has a beneficial interest.
In the absence of the possibility of adverse impact, such as the possible impact upon a well identified in Pomazi, the court declines to find that one having a beneficial interest in property located 1.7 miles from the activity in question, is classically aggrieved.
 PLAINTIFF CANNOT MAINTAIN A CLAIM UNDER § 22a-19 WITHOUT DEMONSTRATING CLASSICAL OR STATUTORY AGGRIEVEMENT
The plaintiff filed a notice of intervention with the Redding Zoning Commission (ROR 11), and argues that he has standing to pursue this appeal pursuant to § 22a-19 of the General Statutes, even absent a finding of classical aggrievement.
Section 22a-19 (a) reads:
 In any administrative, licensing or other proceeding, and any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water, or other natural resources of the state.
Section 22a-19 (a) provides no right to initiate an administrative appeal. Hullen-Davey v. Plan Zoning CommissionCT Page 2131of Glastonbury, 22 Conn. L. Rptr. 410 (1998) (McWeeney, J.). Its clear language merely allows intervention at the agency level or "in any judicial review thereof."
The status of intervener before an administrative agency, does not, in and of itself, constitute aggrievement for purposes of appellate review. Med-Trans of Connecticut, Inc. v. Dept. ofPublic Health and Addiction Services, 242 Conn. 152, 169 (1997).
Nor does the right to intervene extend the jurisdictional authority of an administrative body, because environmental issues are raised. Connecticut Fund for the Environment Inc. v.Stamford, 192 Conn. 247, 250 (1984). An intervening party may only raise environmental issues. Mystic Marinelife Aquarium. Inc.v. Gill, 175 Conn. 483, 490 (1978); Burton v. Dillman,27 Conn. App. 479, 482 (1992).
The role of an intervener under § 22a-19 has been described as derivative. Connecticut Water Co. v. Beausoleil,204 Conn. 38, 48 (1987); Greico v. Redding Zoning Commission,11 Conn. L. Rptr. 541 (1994) (Mihalakos, J.).
The question, therefore, is whether the plaintiff has standing to appeal pursuant to § 22a-19 for the purpose of raising environmental issues, when he has failed to prove that he is classically aggrieved pursuant to § 8-8 of the Connecticut General Statutes.
The court believes that the plaintiff, Basil Keiser, lacks standing to appeal.
Although the court in Mystic Marine life Aquarium Inc. v.Gill, supra, 500, allowed the plaintiff to raise environmental issues in a proceeding under § 25-17 of the General Statutes, after the trial court failed to find aggrievement, the court did not address the specific issue presented here.
Because a plaintiff cannot initiate an appeal under §22a-19, he cannot claim a right to maintain an appeal in an existing action where aggrievement is not present under §22a-43 or § 8-8. Taftville Reservoir Preservation Group v.Norwich Commission on City Planning, 19 Conn. L. Rptr. 69, 70 (1997) Booth, J.).
Because the rights conferred by § 22a-19 are derivative, CT Page 2132 where the underlying basis for an appeal fails for lack of aggrievement, that appeal must be dismissed as to the intervener. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993), § 32.6, p. 92, 1998 Pocket Part.
Since pleading and proof of aggrievement are prerequisites to the court's subject matter jurisdiction; Bakelaar v. West Haven, 193 Conn. 59, 65 (1984); one with no other connection to a §8-8 appeal is not permitted to intervene for the purpose of pursuing environmental issues, after an appeal has been dismissed for want of jurisdiction, withdrawn, or the underlying appeal is resolved by agreement pursuant to § 8-8 (n) of the General Statutes.[2]
An appeal from the decision of a land use agency by one not statutorily or classically aggrieved, should not become a lever used to pry open the courthouse door, thus enabling a §22a-19 claim to be asserted.
The effect would be to subject a party to litigation, expense and delay, after a municipal agency has acted upon an application, and after no person or organization statutorily or classically aggrieved by that decision, has begun an appeal in an attempt to challenge the decision.
Such a scenario could render the concepts of statutory and classical aggrievement in an 8-8 appeal meaningless, based solely on an allegation, however tenuous, that the "public trust in the air, water of other natural resources" of the state may be impaired.
This is not a proper or legitimate function for a party having a derivative role.
Although the intervener's role in a § 22a-19 situation is derivative, and cannot be maintained in the absence of an appeal by one classically or statutorily aggrieved pursuant to §8-8, the court is not unmindful of the declaration of public policy announced in § 22a-15 of the General Statutes.
That declaration, a clear invitation to environmental activism, reads:
It is hereby found and declared that there is a public trust in the air, water and other resources of the state of Connecticut, CT Page 2133 and that each person is entitled to the protection, preservation and enhancement of the same. It is further found and declared that it is in the public interest to provide all persons with an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction.
Section 22a-16[3]of the General Statutes allows a direct action for declaratory or equitable relief to be initiated for the protection of the environment, and a court has broad powers to grant temporary and permanent equitable relief.
Connecticut's Environmental Protection Act has expanded the class of plaintiffs empowered to institute proceedings to vindicate the public trust.
Manchester Environmental Coalition v. Stockton, 184 Conn. 51,55-57 (1981).
Protection of Connecticut's air, water and other natural resources can be permitted and encouraged, while recognizing both the derivative function of a § 22a-19 intervener in a §8-8 appeal, and the historic principles of aggrievement.
Based upon the record presented here, it is evident that the plaintiff could not have prevailed in his § 22a-19 claim, evening assuming that he was able to raise the issues stated in his notice of intervention (ROR 11).
The court has searched the record to determine whether the commission acted properly, and has considered all of the issues.
The record discloses no contamination by hazardous waste materials or unreasonable risk to the environment.
Section 22a-19 (b) requires consideration by the agency of alternatives, only where the agency first determines that it is reasonably likely that the project would cause unreasonable pollution, impairment or destruction of the public trust, in the natural resource at issue. Paige v. Town Plan ZoningCommission, 235 Conn. 448, 462-63 (1995).
The plaintiff has not made the required showing of unreasonable pollution. CT Page 2134
The appeal of the plaintiff, Basil Keiser, is dismissed.
Radcliffe, J.