### HARRIET H. PURTILL *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF GLASTONBURY

DALY, C. J., KING, MURPHY and MELLITZ, Js.[1]

Argued May 7—decided June 30, 1959

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Edward C. Wynne,* for the appellant (defendant).

*Walter F. Foley,* for the appellee (plaintiff).

MURPHY, J. On July 8, 1957, the plaintiff was the owner of a tract of 2.3 acres on Moseley Terrace in Glastonbury. She applied to the defendant, the town plan and zoning commission, for approval of a resubdivision of her property into two parcels. After a public hearing at which almost unanimous opposition to the resubdivision was registered by the other property owners in the neighborhood, the defendant, on September 4, 1957, denied the application. Upon appeal to the Court of Common Pleas, the action of the defendant was reversed, and it has appealed to this court.

The facts are brief and simple. Moseley Terrace is in an AA residential zone, the highest zoning classification for single-family residences in the town. Glastonbury Bldg. Zone Regs., art. 3, § 2 (1957). Each lot must have a minimum street frontage of 110 feet and a minimum area of 25,000 square feet. The plaintiff desired to create two lots, the north one to front 145.94 feet on Moseley Terrace and the south one 135 feet. They would contain 55,284 and 46,248 square feet respectively. Each would be considerably in excess of the minimum AA zone requirements.

The defendant is both a planning commission and a zoning commission. Rev. 1958, §§ 8-4, 8-20. Its

duties in each category are separate yet related. As a planning commission its duty is to prepare and adopt a plan of development for the town based on studies of physical, social, economic and governmental conditions and trends, and the plan should be designed to promote the co-ordinated development of the town and the general welfare and prosperity of its people. Rev. 1958, § 8-23. Such a plan is controlling only as to municipal improvements and the regulation of subdivisions of land. Rev. 1958, §§ 8-24, 8-25; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 123, 127 A.2d 822. Zoning, on the other hand, is concerned with the use of property. *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 679, 124 A.2d 915. The zoning commission is authorized to adopt regulations governing the use of property, and they should be made in accordance with a comprehensive plan for the most appropriate use of land throughout the town. Rev. 1958, § 8-2; *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214. Comprehensive zoning should be based on community planning. Rhyne, Municipal Law, p. 977.

In this case, we are concerned only with the powers of the defendant as a planning commission. The subdivision in which the plaintiff's property is located was recorded in 1941 and revised in 1945. Under the statute, "subdivision" includes resubdivision, and "resubdivision," as it applies to this case, means a change in a map of an approved or recorded subdivision or resubdivision if such change diminishes the size of any lot shown on the map and any of the lots shown on it have been conveyed after the approval or recording of it. Rev. 1958, § 8-18. The subdivision regulations adopted by the defendant further define "resubdivision" to include changes of lot layout in a previously approved and recorded

subdivision, or such changes in a map or plan legally recorded prior to the adoption of any regulations controlling subdivisions. Glastonbury Subdiv. Regs. § 1 (B) (1955). The regulations also provide that all subdivision layouts should conform to the zoning ordinances. Id. § 2 (C). Not only does the plaintiff's plan conform to the zoning regulations pertaining to residence AA lots but, as stated before, each lot exceeds the minimum requirements for that class of property. The defendant has not adopted regulations governing resubdivisions as distinguished from subdivisions. In the absence of such regulations, and in view of the statutory inclusion of a resubdivision in a subdivision and of the additional fact that the plan submitted by the plaintiff complied with the subdivision regulations, the commission lacked the authority to disapprove the plan. Rev. 1958, § 8-25; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 84, 103 A.2d 814; see *Lordship Park Assn.* v. *Board of Zoning Appeals,* 137 Conn. 84, 90, 75 A.2d 379.

On the same day the plaintiff filed her application for a resubdivision, she obtained a building permit for a building on the south lot which she has since constructed. After she appealed to the Court of Common Pleas, the building inspector issued a certificate of occupancy for this building as a single-family residence. The certificate was conditioned on conveyance of the entire tract with the building. In the trial court, the defendant claimed that the acceptance of the certificate of occupancy as so conditioned estopped the plaintiff from prosecuting her appeal. This claim is without merit. The zoning regulations required the plaintiff to apply for the certificate of occupancy when she applied for the building permit and also required the inspector to

issue the certificate within ten days after the erection was completed if the building complied with the zoning regulations. Glastonbury Bldg. Zone Regs., art. 6, § 4 (A), (D). As the building met the zoning requirements, the inspector exceeded his authority in attempting to attach the condition. There is also no merit to the defendant's further contention that the plaintiff had insufficient interest in the property at the time of trial to prosecute the appeal. Her conveyance of the record title of the entire tract to a third party while the appeal was pending did not destroy her right to an adjudication of the matter. She retained an interest in the north lot by reason of the quitclaim deed of it to her from the third party which is being held in escrow pending the outcome of the case. It would have been better practice to have joined the third party as a coplaintiff. Rev. 1958, §§ 52-101, 52-104.

There is no error.

In this opinion the other judges concurred.