[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of defendant PZC denying plaintiff's application for a special permit.
The plaintiff, on May 15, 1990, filed an application for a special permit and site plan approval for an open space development ("OSD") pursuant to Sections 620 through 624 of the Town of Hamden Zoning Regulations. A public hearing was held on July 24, 1990 and, following the plaintiff's presentation and opposition to the proposal, the public hearing was closed and the application tabled. On July 26, 1990, the defendant considered the application at a special meeting and, by unanimous vote, denied the application. The PZC cited Sections 826.4, 826.5 and 826.7 of the Regulations as grounds for the denial.
The plaintiff filed this appeal and, pursuant to the provisions of General Statutes 8-8, presented evidence at a hearing to establish aggrievement. The court finds that the plaintiff is an aggrieved person within the provisions of the statute, having demonstrated a specific, personal and legal interest in the subject property. Moreover, that interest has been specially and injuriously affected by the PZC's decision.
The plaintiff's appeal claims that the denial of his application by the PZC was an abuse of its authority and an illegal and arbitrary action. The basis for such claims are (1) that the PZC acted upon matters not contained in the record; (2) that the PZC failed to give due consideration and weight to all of 826 of the Regulations; (3) that it failed to provide adequate safeguards relating to the factors set forth in 826 of the Regulations; and (4) that it incorrectly interpreted the evidence presented to it by the plaintiff.
For reasons hereinafter set forth, the court concludes that the plaintiff has failed to sustain his burden of proof on this appeal. That burden is on the plaintiff. Augliera, Inc. v. Loughlin, 149 Conn. 478, 482 (1962). The court cannot retry the case nor can it substitute its judgment for that of the PZC. Lawrence v. Kozlowski, 171 Conn. 705, 707-708 (1976). CT Page 3774
The record of the proceedings held before the PZC, including a transcript, is complete and neither party has requested nor does the court find necessary the taking of additional testimony for the equitable disposition of this appeal.
The plaintiff's application proposed the construction of a subdivision on 39.3 acres of property located in an R1 zone. The conventional subdivision layout would have yielded fifteen (15) two-acre lots. (Tr. 8) The plaintiff proposed building two "clusters" of seven and eight units on a total of eight acres and deeding over the remaining thirty-one plus acres to the State of Connecticut to comply with open space regulations. The open space regulations would have required 30% of the parcel to be dedicated as open space. The proposal called for 80% of the parcel to be so dedicated and, at the time the plaintiff's application was before the PZC, the state had not agreed to accept the proposed dedication. (Tr. 7-8, 15).
The proposal raised concerns, expressed by members of the PZC throughout the hearing, not only as to roads, access, traffic, grading, sewer and water pumping (Tr. 11-17), but also as to the propriety of using the 39.3 acre parcel to meet density requirements and thereafter designating 80% of that parcel as open space, leaving the units concentrated on the eight acre remainder. (Tr. 14-24).
Section 826 of the Hamden Zoning Regulations, entitled "SPECIAL PERMIT THRESHOLD DECISION," subsections 826.4, 826.5 and 826.7, was cited by the PZC as the basis for denying plaintiff's application. The pertinent sections, in force at the time, read as follows:
 "In deciding whether or not to grant a Special Permit, the commission shall give consideration to, but not be limited by, the following:
 4. The nature and intensity of the proposed use and any operations involved in the use.
 5. The safety and intensity of traffic circulation on the site and in adjacent streets.
 7. The harmony and appropriateness of the use and site design in relation to the general area and to adjacent properties." CT Page 3775
In exercising its function of approving or disapproving a subdivision plan, the planning board acts in an administrative capacity. In passing upon a plan, its actions are controlled by the regulations adopted for its guidance. It has no discretion or choice but to approve a subdivision which conforms to the regulations." Langbein v. Planning Board, 145 Conn. 674, 679
(1958); cited, Westport v. Norwalk, 167 Conn. 151, 155 (1947). "Zoning, on the other hand, is concerned with the use of property." Purtill v. Town Plan Zoning Commission, 146 Conn. 570,572 (1959); Westport v. Norwalk, supra, at 154.
In denying the plaintiff's application, the PZC was acting in an administrative capacity. Westport v. Norwalk, op. cit.; and, having stated the reasons for its action, the court is limited, upon appeal, to reviewing the record before the Commission to determine whether it acted fairly, with proper motive, or upon valid reasons. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988). The record is replete with problems inherent in the plaintiff's proposal and raised at the hearing by the Commission. Those concerns were pertinent and the Commission correctly cited 826.4, 826.5 and 826.7 of the regulations in denying the application. It was for the Commission to determine the weight to be given to the evidence presented. Primerica v. Planning and Zoning Commission,211 Conn. 85, 96 (1989). The credibility of witnesses as well as the determination of issues of fact are matters solely within the discretion of the Commission, Primerica v. Planning Zoning Commission, supra, and its action must be sustained where the record sufficiently supports the reasons given for that action. Goldberg v. Zoning Commission, 173 Conn. 23, 26 (1977).
The plaintiff attaches unwarranted importance to comments made by individual members of the Commission prior to the unanimous vote denying the application. No evidence whatsoever was presented to or considered by the PZC after the close of the public hearing. The vote taken at the special meeting on July 26, 1990 was based upon the evidence presented at the public hearing held on July 24, 1990. That vote, the plaintiff's perception notwithstanding, clearly was not predicated upon comments made by individual members of the PZC prior to the vote being taken. The plaintiff's right to a full and fair public hearing was unimpeded. The free exchange of ideas by members of the Commission prior to taking a vote did not give rise to a showing of prejudice to the plaintiff. Nor was such discussion illegal, arbitrary or an abuse of discretion.
The appeal is dismissed.
LEANDER C. GRAY, JUDGE CT Page 3776