THOMAS M. DANIEL ET AL. *v.* ZONING COMMISSION OF THE CITY OF NORWALK ET AL.
(11792)

DUPONT, C. J., and O'CONNELL and SPEAR, Js.

Argued March 25—decision released July 20, 1994

*Mitchell J. Rosenfeld,* with whom, on the brief, were *Patricia E. Rosenberg* and *Carol S. Ljungquist,* for the appellant (defendant Cedar West, Inc.).

*Charles S. Johnson,* with whom, on the brief, was *Peter J. Ottomano,* for the appellees (plaintiffs).

O'CONNELL, J. The defendants appeal from the trial court's decision sustaining the plaintiffs' appeal from the decision of the Norwalk zoning commission. The defendants[1] claim that the trial court (1) improperly concluded that the plaintiffs' due process rights were violated by the defendant zoning commission's receipt of evidence after the public hearing, (2) improperly substituted its judgment for that of the zoning commission, (3) improperly based its judgment on inconsistent conclusions, and (4) failed to recognize that it was bound by collateral estoppel to adhere to its previous holding in a companion case. We affirm the decision of the trial court.

Cedar West, Inc., applied to the zoning commission for a special permit to build a development of fourteen single-family houses on its land. The zoning commission held a public hearing on this application on February 21, 1990. The plaintiffs, who own abutting property, appeared at the hearing and opposed the application.

Cedar West had previously applied to the zoning board of appeals for variances. One of these variances would have allowed Cedar West to build a roadway within two feet of the plaintiffs' property line. This application was pending at the time of the zoning commission's February 21, 1990 hearing. At the February hearing, Cedar West requested that the zoning commission delay its vote on the special permit application until the zoning board of appeals ruled on the variance applications. After the zoning board of appeals denied the variances on March 15, 1990, Cedar West

---

[1] The defendants are the zoning commission of the city of Norwalk and Cedar West, Inc.

submitted a revised development plan to the zoning commission. The new plan, among other changes, shifted the roadway twenty-five feet from the plaintiffs' property line, obviating the need for a variance. There were no public hearings after receipt of the revised plan.

Cedar West's development also required inland wetlands approval by the conservation commission. The inland wetlands application contained the same revised development plan that had been submitted posthearing to the zoning commission. On May 21, 1990, the plaintiffs appeared before the conservation commission and opposed Cedar West's application. On June 4, 1990, the conservation commission approved the revised plan and granted Cedar West an inland wetlands permit. At its June 20, 1990 regular meeting, without offering the plaintiffs an opportunity to oppose the revised plan, the zoning commission granted Cedar West's special permit application based on the revised development plan.

The plaintiffs appealed to the trial court from both the zoning commission decision and the conservation commission decision. The cases were consolidated for trial and heard together on September 9, 1991. The trial court upheld the conservation commission's decision, and there was no appeal. The decision of the zoning commission, however, was reversed, and Cedar West and the zoning commission appealed to this court.

The defendants first claim that the trial court improperly found that the plaintiffs' due process rights were violated by the zoning commission's ex parte receipt of evidence after the February 21, 1990 public hearing. Ex parte communication between an applicant and a zoning commission is improper. "[W]hile proceedings before zoning and planning boards and commissions are informal and are conducted without regard to the strict

rules of evidence . . . nevertheless, they cannot be so conducted as to violate the fundamental rules of natural justice. . . . The commission could not properly consider additional evidence submitted by an applicant after the public hearing without providing the necessary safeguards guaranteed to the opponents of the application and to the public. This means a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal. . . ." (Citation omitted; internal quotation marks omitted.) *Blaker* v. *Planning & Zoning Commission,* 212 Conn. 471, 477–78, 562 A.2d 1093 (1989).

Rudimentary administrative law "clearly prohibits the use of information by a municipal agency that has been supplied by *a party* to a contested hearing on an ex parte basis." (Emphasis in original.) *Narooz* v. *Inlands Wetlands Agency,* 26 Conn. App. 564, 569, 602 A.2d 613 (1992). The trial court found that the commission received and considered evidence from Cedar West after the February, 21, 1990 public hearing without offering the plaintiffs or the public a chance to cross-examine witnesses, to rebut the evidence, or to inspect the evidence.

An ex parte communication raises a rebuttable presumption of prejudice. Once the plaintiff shows that an improper ex parte communication has occurred, the burden of showing that the communication was harmless shifts to the party seeking to uphold the validity of the zoning commission's decision. *Blaker* v. *Planning & Zoning Commission,* supra, 212 Conn. 480. The presumption of prejudice may be rebutted by evidence that the ex parte evidence or testimony was not received by the commission or was not considered by it and, therefore, did not affect the commission's final decision. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 47.4.

In the trial court, the defendants maintained that the revisions in the development plan, which were the subject of the ex parte communication at issue, satisfied the objections that the plaintiffs had raised to the original plan. Therefore, the defendants reasoned, there was no prejudice. The court responded that "although the ex parte communication and evidence may have made the project more palatable to the plaintiffs, it does not remove the procedural unfairness and prejudice plaintiffs suffered when the project was approved based on the revised plans." We agree with the trial court that merely making the plans more agreeable to the plaintiffs does not rebut the presumption of prejudice that arose from the ex parte communication. It is not for the defendants unilaterally to determine the nature and degree of modification that will satisfy the plaintiffs and cause them to withdraw their opposition.

On appeal, Cedar West argues that because the plaintiffs had an opportunity to be heard on the revised plan at the conservation commission hearing, their due process rights were not violated. We do not agree. The zoning commission and the conservation commission are two entirely separate and distinct boards with discrete interests and obligations in the municipality.[2] A denial of due process before the zoning commission cannot be cured at a hearing before the conservation commission.

Our analysis of the first claim is dispositive of the appeal because it justifies the trial court's reversal of the zoning commission's decision. Accordingly, we do not reach the defendants' other claims.

The judgment of the trial court is affirmed.

In this opinion the other judges concurred.

---

[2] See General Statutes §§ 8-2 and 7-131a (b).