[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs bring this appeal from the approval by the defendant, Planning and Zoning Commission of the Town of Bethel, of a 15 lot subdivision.
The defendant, Arrowhead Hills, LLP, originally proposed a 17 lot subdivision on the 48.045 acre parcel, located between Sunset Hill Road and the existing portion of Jacobs Lane.
The parcel contains 18 acres, of designated wetlands.
Both Sunset Hill Road and Jacobs Lane are approved streets in the Town of Bethel.
The proposed subdivision is located in an R-80 residence zone (1.836 acre minimum). All of the proposed lots exceed the minimum area requirement.
The proposal approved by the defendant, Planning and Zoning Commission, would extend Jacobs Lane to intersect with Sunset Hill Road (ROR Exhibit 13.3). CT Page 3844
As a result, Jacobs Lane would connect Sunset Hill Road with Putnam Park Road, also known as Route 58.
The subdivision application was submitted in May of 1998.
A public hearing was held on June 23, 1998 (ROR Exhibit 17.1), July 14, 1998 (ROR Exhibit 17.2), and concluded on August 11, 1998 (ROR Exhibit 17.3).
During the public hearings, the application drew opposition from neighborhood residents, who opposed making Jacobs Lane a through road between Sunset Hill Road and Putnam Park Road (Route 58).
Although alternative road layouts were presented to the commission, calling for dead end roads in lieu of the through road (ROR Exhibit 17.2, p. 11-13), the commission opted for the through road configuration.
The alternative advanced would have required a waiver for the dead end road (ROR Exhibit 17.2, p. 12).
The commission believed that the through road running from Route 58 to Sunset Hill was consistent with § 95-3K (4) of the Bethel Subdivision Regulations (ROR Exhibit 15), and was the preferred layout due to health, safety and planning reasons (ROR Exhibit 17.4, p. 6-7).
The Bethel Police Commission, the local traffic authority, reviewed the subdivision proposal, and found "no problem with traffic at this site." (ROR Exhibit 5.18.)
The commission voted to approve the subdivision after reducing the total number of lots from 16 to 15, by creating two lots from proposed lots 12, 13 and 14. (ROR Exhibit 17.4, p. 13.)
The vote to approve was four in favor, with one opposed (ROR Exhibit 17.4, p. 23).
The plaintiffs appealed, claiming that the commissions decision was illegal, arbitrary, and constituted an abuse of discretion.
The plaintiffs further allege that a portion of the land to be subdivided, including a portion of the proposed road, had been CT Page 3845 adversely possessed by the plaintiffs, Janice and Theodore Stevenson.
 AGGRIEVEMENT
The plaintiff, Janice Stevenson, testified at the March 8, 1999 hearing that she and her husband, Edward P. Stevenson, own property located at 33 Sunset Hill Road (Exhibit 1).
The Stevenson property abuts the proposed subdivision.
Janice Stevenson further testified that she had examined the Bethel Land Records, and determined that several of the other plaintiffs owned land which either abuts the land to be subdivided, or is within 100 feet of the subdivision.
Section 8-8 (a)(1) of the Connecticut General Statutes defines an aggrieved person to include one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The plaintiffs, Janice Stevenson and Edward P. Stevenson, are therefore aggrieved by the decision of the defendant, Planning and Zoning Commission of the Town of Bethel.
Because at least one plaintiff is aggrieved, the court has subject matter jurisdiction. It is therefore unnecessary to resolve whether the remaining plaintiffs are also aggrieved.Protect Hamden/North Haven from Excessive Traffic Pollution,Inc. v. Planning Zoning Commission, 220 Conn. 527, 529 p. 3 (1991);Nowicki v. Planning Zoning Board, 148 Conn. 492, 495 (1961).
Although claimed as part of this appeal, the plaintiffs presented no evidence from which a finding of classical aggrievement could be rendered, and abandoned that claim at the hearing on March 8.
 STANDARD OF REVIEW
A municipal planning and zoning commission, in exercising its function of approving or disapproving a proposed subdivision plan, sits in an administrative capacity, rather than as a legislative or quasi-judicial agency. It has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. Reed v. Planning ZoningCT Page 3846Commission, 208 Conn. 431, 433 (1988); RK Development Corporationv. Norwalk, 156 Conn. 369, 372 (1968); Langbein v. PlanningBoard, 145 Conn. 674, 679 (1958).
The authority of the commission is limited to determining whether the subdivision plan complies with the applicable regulations. R. B. Kent Sons. Inc. v. Planning Commission,21 Conn. App. 370, 373 (1990). It can only apply its existing regulations to the proposal before it. Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 57 (1987); Town of Westport v. City of Norwalk,167 Conn. 151, 155 (1974).
When weighing the approval or disapproval of a subdivision plan in a zone that permits the proposed use, the commission may not look beyond the question of whether the subdivision plan satisfies the town subdivision regulations. Sowin Associates v.Planning Zoning Commission, 23 Conn. App. 370, 375 (1990).
 COMMISSION DECISION SUPPORTED BY RECORD
While the plaintiffs candidly admit that they can point to no specific provision of the Bethel Subdivision Regulations, which is contrary to the subdivision approved by the commission, they argue that a general statement in the Bethel Plan of Development supports their contention that the commission erred in approving the through road.
The Bethel Plan of Development § 8-3 (page 85), contains language regarding organizing the towns road network "so that through traffic can be avoided or at least minimized on local streets."
Section 8-25 of the General Statutes, the authority for the adoption of subdivision regulations by a municipal commission, requires that the regulations:
 [S]hall provide . . . that the proposed streets are in harmony with existing or proposed principle thoroughfares shown in the plan of conservation and development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs.
While it is true that a plan of development, as a general CT Page 3847 rule, is considered merely advisory, Smith v. Zoning Board ofAppeals, 227 Conn. 71, 87 (1993); Spada v. Planning ZoningCommission, 159 Conn. 192, 200 (1970), the plan is controlling as to municipal improvements, and the regulation of subdivisions of land. Purtill v. Town Plan Zoning Commission, 146 Conn. 570,572 (1959); Lebanon v. Woods, 153 Conn. 182, 193 (1965); Levinskyv. Zoning Commission, 144 Conn. 117, 123 (1956).
However, because the provision of the Bethel Plan of Development cited by the plaintiffs is couched in general terms, and makes no specific or implicit reference to the parcel in question, the application of that section must necessarily depend upon the specifics of a given application.
Although denial of a subdivision plan which did not meet the specific recommendations of the plan of development concerning a specific industrial parcel referenced in the plan was upheld inRaybestos-Manhattan. Inc. v. Planning Zoning Commissionof the Town of Trumbull, 186 Conn. 466, 475 (1982), the general language of the Bethel Plan of Development is insufficient to render the commissions decision arbitrary, illegal, or in abuse of its discretion.
This is particularly true where, as here, the subdivision proposal fully complies with the applicable subdivision regulations. Fuller, Land Use Law and Practice, § 10.15, page 197.
The commission's decision finds unambiguous support in the record, notwithstanding the preference of the property owners abutting the proposed subdivision, that this 48 acres in a rural area of Bethel remain undeveloped, undisturbed, and uninhabited.
The alternatives advanced by the neighbors would require a waiver of the zoning regulations, while the approved plan requires no waivers.
The lot configuration approved by the commission gives due regard to the municipal wetlands agency and its function.
Access to the subdivision by emergency vehicles, is also facilitated by through roads, and the commission fully considered health and safety reasons (ROR Exhibit 17.4, p. 6-7), as did the Bethel traffic authority. CT Page 3848
Concerns about the care and maintenance of Sunset Hill Road are more appropriately directed to other municipal agencies. Defects in an existing public highway are not a problem with the land to be subdivided under § 8-25 of the Connecticut General Statutes. Property Group Inc. v. Planning Zoning Commission,226 Conn. 684, 692 (1993).
The obligation to repair and construct highways within a community belongs to the town, not to a proposed subdivider. Popev. Killingworth Planning Zoning Commission, 5 Conn. Law Trib. 49 (1979); § 13a-99 of the Connecticut General Statutes.
The applicant, Arrowhead Hills, LLP, has complied with all applicable subdivision regulations in its proposal to develop this 48 acre parcel.
A court should be unwilling to disturb the judgment of a municipal agency, particularly where, as here, the decision is so clearly in accord with the evidence in the record, and the authority vested in the Bethel Planning Zoning Commission, sitting in an administrative capacity.
Nor can the plaintiffs prevail, based upon the alleged claim of adverse possession.
That issue must be raised in an action to quiet title, instituted pursuant to Chapter 821 of the General Statutes. The claim cannot be entertained in an administrative appeal from a municipal planning and zoning commission having no authority to determine title to real property.
The appeal of the plaintiffs is dismissed.
Radcliffe, J.