[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal taken by plaintiff Suburban Builders, Inc. (Suburban) after denial by defendant Planning 
Zoning Commission of the City of New London (Commission) of Suburban's application for approval of a ten-lot residential subdivision of land on Mansfield Road in the City of New London.
For reasons hereinafter stated, the decision of the Commission is affirmed.
All parties necessary to the action have been joined. All public notices required to have been given have been timely published and no questions concerning jurisdictional defects have been raised or noted.
Plaintiffs claim to be aggrieved by the decision appealed CT Page 5374 from. Plaintiffs initiated the present appeal under the provisions of Connecticut General Statutes §§ 8-8(a) and8-28. Section 8-8(b) limits appeals taken under authority of such statute to persons severally aggrieved by the decision appealed from. Whether or not a party is aggrieved by the decision appealed from is a jurisdictional question which must be decided upon the evidence. From the record and the basis facts agreed to by the parties, it is found that plaintiff is the owner of the property in question and is the party which sought the subdivision approval. Consequently, it must be concluded that plaintiff is aggrieved and has standing to prosecute the appeal under the statute. As in Pierce v. Zoning Board of Appeals,7 Conn. App. 632, 636 (1986).
The record indicates that on March 25, 1998, the motion by defendant Robert Fromer to be made a party defendant was approved by the court. The parties have agreed that Mr. Fromer does own land that abuts or is within a radius of 100 feet from the land involved in the decision. It is therefore found that Mr. Fromer is an aggrieved party and has standing to participate in this proceeding under the provisions of General Statutes §8-8(a)1. Nick v. Planning Zoning Commission, 6 Conn. App. 110,111 n. 3.
The record indicates that on January 18, 1997, Suburban submitted to the Commission an application for a ten-lot residential subdivision on Mansfield Road in the City of New London. The land on which the subdivision was to be laid out was a 5.448 acre parcel of land zoned R-2 and R-3. The proposed subdivision contains two separate areas designated as wetland. Use of the wetlands is subject to regulation by the New London Conservation Commission. This Commission on July 24, 1996, approved, with conditions, Suburban's application to conduct regulated activity within the wetland areas in connection with the ten-lot subdivision.
The application for subdivision was submitted under Article III, § 300 of the Subdivision Regulations. The land involved in the subdivision application being within the coastal boundary Suburban submitted an application for review of a coastal site plan as required by § 430 of the subdivision regulations and General Statutes §§ 22a-105 and 22a-106. Suburban also submitted an environmental impact study with its application.
Section 360.1 of the Subdivision Regulations of the City of CT Page 5375 New London provides that the Commission may hold a public hearing on any subdivision proposal. In this matter, the Commission elected to hold a public hearing on Suburban's application. This hearing was held on June 5, 1997. At the hearing, parties at interest were given an opportunity to be heard. Persons on behalf of Suburban presented information and exhibits in favor of the subdivision. The only person appearing in opposition to the application was defendant Fromer who spoke and submitted documents in support of his position. At the close of the public hearing, the Commission voted to table the appeal to the next regular meeting. At the Commissions next meeting held June 19, 1997, the application was again tabled because of the unavailability of the city planner who was then on vacation.
Consideration of Suburban's application was again taken up at the Commissions meeting of July 17, 1997. At the meeting, it was disclosed by the city planner that on June 24, 1997, Suburban filed a revised plan. The record indicates that the revised application consisted of five sets of plans with certain changes which resulted from conversations with the city planner. This revised application was received well after the public hearing held June 5, 1997. The Commission properly did not consider this revised application but entered it into the record of the Commission. See § 47-4, Fuller, Land Use Law and Practice.Holt-Lock, Inc. v. Zoning Planning Commission, 161 Conn. 182,184-185 (1971).
The original plan was discussed in great detail by members of the Commission and the city planner. After such discussion, it was moved to approve the subdivision plan, coastal area management review and the environmental impact statement with certain conditions. After further comment, the members of the Commission voted unanimously to deny the application. After the vote, the chairman stated that the reasons for denial were "not enough consideration for the wildlife in the environmental impact statement and not enough consideration given to alternative forms for the use of the property and too many conditions brought in after the public hearing closed."
As a result of the denial of its application for subdivision permit, Suburban instituted the present action.
Where, as here, a combined planning and zoning commission exists, its powers and duties depend upon the capacity in which the commission is acting. Norris v. Planning Zoning Commission, CT Page 5376156 Conn. 592, 596 (1968). When a planning and zoning commission reviews a subdivision application, it acts in an administrative capacity. Westport v. Norwalk, 167 Conn. 151, 155 (1974). When performing administrative functions, the Commission has a limited discretion with respect to subdivision applications. In such situation, the commissions function is basically to determine whether the application submitted conforms to the commissions existing subdivision regulations. R.K. Development Corporation v.Norwalk, 156 Conn. 369, 375 (1968). Passing upon a subdivision application, the commission is controlled by the regulations which it has previously adopted. Westport v. Norwalk, supra,167 Conn. 155. A planning and zoning commission, such as the defendant commission, cannot disapprove a subdivision application for a reason based upon the standard not contained in its existing regulations. R.K. Development Corporation v. Norwalk, supra, 156 Conn. 377. Where a subdivision application meets the existing regulations, the commission must approve the application. Beach v. Planning Zoning Commission, 141 Conn. 79,84 (1954). If a subdivision application does not conform with the subdivision regulations, the planning and zoning commission should disapprove the application. Southeast Property Owners andResidents Assn. v. City Plan Commission, 156 Conn. 587, 59 1-592 (1968). In an appeal from the denial of a subdivision the question for the court is whether any of the reasons assigned by the planning commission for denial of the application were valid.Crescent Development Corporation v. Planning Commission,148 Conn. 145, 150 (1961). The court must determine whether any of the reasons given by the planning commission for denial of the application are supported by the express language of the commission s regulations and whether the denial, based upon specific sections of the regulations, are reasonably supported by evidence in the record. Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 56-57 (1987). The commission should be upheld if any reason given for denial of the application is valid.Blakeman v. Planning Commission, 152 Conn. 303, 306 (1965). The essential question is whether the commissions decision is reasonably supported by the record, and if so, the court should not substitute its judgment for that of the commission. Westportv. Norwalk, supra, 167 Conn. 161.
The first issue which the Court must address is the effect of the filing of the revised subdivision plan on July 24, 1997. "While proceedings before zoning and planning boards and commissions are informal and are conducted without regard for the strict rules of evidence . . . nevertheless they cannot be so CT Page 5377 conducted as to violate the fundamental rules of natural justice. . . . The commission could not properly consider additional evidence submitted by an applicant after the public hearing without providing the necessary safeguards guaranteed to the opponents of the application and to the public. This means that fair opportunity to cross examine witnesses, to inspect documents presented and to offer evidence, an explanation or rebuttal. . . ." "Rudimentary administrative law clearly prohibits the use of information by a municipal agency that has been supplied by a party to a contested hearing on an ex parte basis." Daniel v. Zoning Commission, 35 Conn. App. 594, 596-597
(1994) (citations omitted).
"An ex parte communication raises a rebuttable presumption of prejudice. Once the plaintiff shows that an improper ex parte communication has occurred, the burden of showing that the communication was harmless shifts to the party to uphold the validity of the zoning commissions decision. The presumption of prejudice may be rebutted by evidence that the ex parte evidence or testimony was not received by the commission or was not considered by it and therefore did not affect the commissions final decision." Daniel v. Zoning Commission, supra.
The filing of the revised subdivision plan after the public hearing was clearly improper. Even though there was little opposition to the plan at the public hearing, the public had a right to review and consider the application and to comment on it at the public hearing. Filing the application after the close of the public hearing effectively prevented any member of the public from exercising this right. The Commission properly recognized this situation and did not consider it.
Suburban argues that the revised plans consisted of merely technical changes. A review of the cover letter accompanying the revised plan indicates to the contrary that certain of the matters addressed were substantial.
The issue then is whether, under the law, the Commission properly disapproved the original subdivision application.
The principal argument advanced by plaintiff that the Commission was in error in denying the subdivision approval is a claim that the Commission had no authority under the subdivision regulations to require the submission of an environmental impact statement. The submissions of the environmental impact statement CT Page 5378 appears to have resulted from proceedings involving a prior subdivision application filed by Suburban. Plaintiff argues that the Commission, acting on the subdivision application in its administrative capacity, is authorized only to apply the requirements set forth in the regulations. Reed v. Planning Zoning Commission of the Town of Chester, 208 Conn. 431, 435
(1988). Because the subdivision regulations do not require a submission of this document, it is claimed that the Commission exceeded its authority when it required the submission of the environmental impact statement as a part of the application. Plaintiff advances the theory that the improper requirement of the environmental impact study is significant since two of the reasons advanced by the Commission for denial of the applications refer directly to matters involved in the environmental impact statement.
The Commission gave three reasons for its denial of the subdivision application. If any one of these reasons would support its action, the decision must be upheld. Blakeman v.Planning Commission, supra, 152 Conn. 306. The third reason advanced by the Commission was "too many conditions brought in after the public hearing closed." A review of the transcript of the July 17, 1997 meeting of the Commission at which Suburban's application was denied sheds light on what the Commission meant by this last reason. At the request of the chairman, the city planner reviewed the application and stated that the Commission was obligated to insure that Suburban's application complied with the subdivision and zoning regulations. The planner indicated several areas in which the application did not comply with these regulations. He pointed out that § 605B 1(b) of the zoning regulations covering rear lots required that a deed covenant be attached and that this had not been done. This section required that a restricted deed covenant be filed prior to the approval of any rear lot or development. The purpose of this was to give notice that the City would not be required to plow, maintain or perform other services in connection with any right of way providing access to an approved rear lot. The planner also indicated errors in minimum lot area required in the R-3 zone and noted that this was erroneously indicated on the plan. The planner also stated that an issue not resolved was who was to be responsible for the open spaces. He also stated that the plan did not show street trees which the Commission could require under the zoning regulations and pins and monuments were not shown on the plan at the appropriate corners of property lines. Other deficiencies and problems were noted by the planner who concluded CT Page 5379 that the application did not technically comply with the regulations. Members of the Commission discussed these deficiencies and the chairman inquired as to whether the application would have to be approved.
The third reason advanced by the Commission for denying the application does not mention any of these defects in the application. The reason merely refers to "conditions brought in after the public hearing closed." The revised application received June 24, 1997 was an attempt by Suburban to comply with the noted deficiencies in the regulations. This revision included the restricted covenant and attempted to resolve the minimum lot area, the open space problem and other matters which were deficiencies in the original subdivision application. As previously noted, it would have been improper for the Commission to consider these matters contained in the revised application. Although, it may have been inartfully expressed, it must be concluded that the third reason stated by the Commission was an expression of the idea that the subdivision application failed to comply with the regulations and that the filing of the amended application which attempted to address the deficiencies after the public hearing was improper.
From the record, it would have to be concluded that the Commission found that Suburban's subdivision application filed on January 18, 1997, it failed to comply with the subdivision and zoning regulations. This conclusion is valid and reasonably supported by the record. Since this finding is determinative of the case, other issues raised need not be considered.
Accordingly, judgment must enter against the defendant and affirming the decision of the Commission.
Joseph J. Purtill Judge Trial Referee