[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves an administrative appeal taken by Plaintiffs Marion and Michael Halloran (the "Plaintiffs") from certain action of the Zoning Board of Appeals of the Town of Old Lyme (the "ZBA"). Specifically, the case arises from orders issued by the town Zoning Enforcement Officer to the Plaintiffs directing that they discontinue or remedy alleged violations of the Old Lyme Zoning Regulations (the "Regulations"), to wit: (i) the construction of a fence in excess of the height limitations contained in the Regulations; and (ii) the installation of a shed in violation of the setback requirements contained in the Regulations.
Subsequent to the taking of the appeal and the hearing thereon, but prior to the issuance of any decision, the Plaintiffs sold the subject premises to a third party for the sum of $575,000. The Plaintiffs retained no interest in the subject premises. An escrow was established by Plaintiffs and their buyer and the sum of $500 was deposited with the escrow agent, said sum to be released from escrow and delivered to the Plaintiffs or, alternatively, their buyer, depending upon the outcome of the appeal. Defendant ZBA has moved to dismiss the appeal on the grounds that the Plaintiffs, having conveyed all of their interest in the property, lack standing to pursue this appeal further. The Plaintiffs, on the other hand, contend that their interest in the escrowed funds continues to provide them with the requisite standing to pursue their appeal.
The law applicable to the issue before the Court is set forth in Primerica v. Planning Zoning Commission, 211 Conn. 85
(1989).
 It is quite clear that in order to retain standing as an aggrieved person, a party must have and must maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the appeal. . . it is not enough for a party to have an interest in the property sufficient to establish aggrievement CT Page 12555 only at the time of the application to the commission.
(Emphasis added). (Citations omitted). Primerica, supra at 94.
Further, to the extent the Plaintiffs claim they continue to have standing in this matter, they must establish that standing based upon their current status as non-owners of the property.
 [T]he extent to which a party with an interest in the property other than that of an owner is aggrieved depends upon the circumstances of each case, because the concept of standing is a practical and functional one designed to ensure that only those parties with a substantial and legitimate interest can appeal an order.
(Emphasis added). (Citations omitted). Primerica, supra at 93.
Those cases which have permitted the plaintiff to continue the prosecution of a zoning appeal subsequent to a conveyance of the subject premises look to whether the plaintiff has retained a sufficient specific, personal and legal interest in the subject matter of the appeal. In Primerica, supra, the plaintiff, subsequent to the conveyance, was found to have retained a sufficient interest where it (i) leased back 320,000 square feet (55%) of the conveyed premises for a period often years, (ii) guaranteed the rents on the remaining 45% of the conveyed premises, (iii) retained a right of first refusal in the event the purchaser later sold the property, and (iv) took back a purchase money mortgage on the premises in the approximate amount of $15,000,000. Indeed, the use of an escrow arrangement inPurtill v. Town Planning and Zoning Commission, 146 Conn. 570
(1959), similar in concept to the arrangement used by the Plaintiffs here, did not defeat the plaintiffs right to continue the prosecution of her appeal. In Purtill, supra, however, the parties escrowed a quitclaim deed back to the plaintiff of a portion of the conveyed premises, with the release of the same from escrow (to the plaintiff seller or her buyer) dependant upon the outcome of the pending appeal. In contrast, the Plaintiffs here have not retained any interest in the property and the only remaining interest which they have is in the disposition of the sum of $500 held in escrow (from sale proceeds of $575,000), which sum the court finds to be de minimus and well short of thesubstantial interest which the law requires.
Accordingly, the Motion to Dismiss is granted and the appeal is hereby dismissed.[1]
CT Page 12556
Solomon, J.