[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Helen D. Gallagher, brings this appeal following approval by the defendant, New Fairfield Planning Commission, of a seven lot subdivision.
The proposed subdivision sought by the defendant, Ball Pond Development Corporation, consists of 16.7 acres, and is located in a R-88 (2 acre) residence zone.
The land lies on the easterly side of Ball Pond Road East, across the street from the plaintiff's residence and two adjoining parcels owned by her.
Public hearings were convened concerning the proposed subdivision on September 21, 1998, October 26, 1998 and November 19, 1998.
A pre-hearing site walk attended by commission members and staff, as well as representatives of Ball Pond Development Corporation, occurred on September 12, 1998.
Included within the proposed subdivision is a street, Pointe Road, which intersects with Ball Pond Road East at a point directly across from the plaintiff's residence. CT Page 3963
The proposed street measures 837 feet in length.
All of the proposed lots are conforming as to area and frontage.
Six new homes are contemplated within the subdivision, while one existing dwelling is slated for relocation to a new lot.
The area is not impacted by wetlands, and approvals were obtained from the fire department, the health department, and the parks and recreation department.
On February 22, 1999, the commission voted 3-1 to approve the subdivision.
The approval included several conditions, notations on the map, and a payment in lieu of open space in the amount of $28,070.
The commission's decision was published on February 24, 1999.
The plaintiff's appeal claims that the commission failed to consider the location of Pointe Road across from her property, a location she claims creates a safety hazard.
She further questions the participation of Anthony Lucera, a representative of Ball Pond Development Corporation, in the February 22, 1999 commission meeting, and his presence during the pre-hearing site walk.
She claims that Mr. Lucera's comments during the meeting and site walk constitute impermissible ex parte communications with the commission, thus rendering the approval null and void.
 AGGRIEVEMENT
The plaintiff, Helen D. Gallagher, resides in a home located across the street from the proposed subdivision.
She also owns two other houses which abut her residence.
Section 8-8 (a)(1) of the Connecticut General Statutes, defines an aggrieved person to include one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." CT Page 3964
The plaintiff clearly meets the statutory aggrievement standard, and therefore has standing to appeal the approval of the subdivision proposal by the New Fairfield Planning Commission.
However, although she possesses unambiguous statutory aggrievement, the plaintiff persists in her attempt to prove classical aggrievement.
Her efforts are both superfluous and futile.
Helen D. Gallagher maintains that her property would decrease in value based upon the location of Pointe Road across from her property.
This assertion is not supported by any expert testimony, or by any documentary evidence other than a photograph of her home (Exhibit 1).
In order to prove classical aggrievement, it is necessary for the plaintiff to satisfy the well established twofold test: (1) she must show that she has a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest such as a concern of all members as a whole; and (2) she must show that this specific personal interest has been specifically and injuriously affected by the action of the commission. Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43,47 (1984); Gregorio v. Zoning Board of Appeals, 155 Conn. 422,425-26 (1967).
The plaintiff's allegations, both before the commission and at trial, represent mere generalizations and fears which are not sufficient to establish classical aggrievement. Walls v. Planning Zoning Commission, 176 Conn. 475, 478 (1979); Sheridan v.Planning Board, 159 Conn. 1, 14 (1969).
Claims of increased traffic, without demonstrating a specific, injurious impact upon the plaintiff's property, are insufficient to establish aggrievement. Tucker v. Bloomfield Zoning Board ofAppeals, 151 Conn. 510, 515-16 (1964).
Therefore, if the plaintiff's standing depended upon her ability to prove that she was classically aggrieved by the decision of the commission, her appeal would fail and would be dismissed. CT Page 3965
However, given the plaintiff's ownership of land within 100 feet of the proposed subdivision, she is aggrieved.
 STANDARD OF REVIEW
In reviewing a subdivision application, a planning commission sits in an administrative capacity, rather than in a legislative or quasi-judicial capacity. Reed v. Planning Zoning Commission,208 Conn. 431, 437 (1987); Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669, 674 (1967).
In passing upon a subdivision application, the commission's authority is limited to determining whether the plan before it complies with the regulations adopted for its guidance. Blakemanv. Planning Commission, 152 Conn. 303, 306 (1965); Langbein v.Planning Board, 145 Conn. 674, 679 (1958). If the plan before it conforms to the existing regulations, the commission has no discretion or choice but to approve it. Westport v. Norwalk,167 Conn. 151, 157 (1974); Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 57 (1987).
A commission is endowed with liberal discretion, and its actions are subject to review by a court only to determine if it acted unreasonably, arbitrarily, or illegally. Schwartz v.Planning Zoning Commission, 208 Conn. 146, 152 (1988). A decision will not be disturbed if it represents an honest decision reasonably and fairly arrived at. Nicoli v. Planning Zoning Commission, 171 Conn. 89, 95 (1976).
 SUBDIVISION PROPOSAL CONFORMS TO ALL APPLICABLE REGULATIONS
The plaintiff argues that the commission should have rejected the subdivision before it, based upon two provisions of the New Fairfield Subdivision Regulations §§ 1.4 and 2.2.
Section 1.4 reads:
No plan for the subdivision of land will be approved unless:
a. The land to be subdivided is of such character that it can be used for building purposes without danger to health or the public safety. CT Page 3966
 c. The proposed streets are in harmony with existing. . . principal thoroughfares shown in the Town Plan of Development. . . especially with regard to safe intersections with such thoroughfares.
Section 2.2 of the regulations, which mirrors § 8-25[1] of the Connecticut General Statutes, reads:
 No land shall be subdivided unless it shall be of such character that it can be used for building purposes in accordance with these Regulations and the Zoning Regulations without danger to health and the public safety.
The plaintiff concedes, as she must, that the defendant, Ball Pond Development Corporation, has submitted a subdivision proposal which conforms to all remaining subdivision regulations, as well as with all applicable zoning and road ordinances.
Nor has she pointed to any specific provision of the New Fairfield Plan of Development which has been violated by the commission's action. (See Raybestos-Manhattan, Inc. v. Planning Zoning Commission of the Town of Trumbull, 186 Conn. 466 (1982);Purtill v. Town Plan Zoning Commission, 146 Conn. 570, 572
(1959)).
The property is located in a residential zone in which single family dwellings are a permitted use.
The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district, and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district. TLC Development, Inc. v.Planning Zoning Commission, 215 Conn. 527, 532-33 (1990).
Therefore, when weighing the approval or disapproval of a subdivision plan in a zone which permits the proposed use, the commission may not look beyond the question of whether the subdivision plan satisfies the town subdivision regulations.Sowin Associates v. Planning Zoning Commission,23 Conn. App. 370, 375 (1990).
The voluminous record compiled before the commission in this case, including input from professional consultants engaged by both the applicant and the municipality, provides abundant CT Page 3967 factual evidence to support the commission's approval of the subdivision application.
The sections cited by the plaintiff to support her claim that rejection of the proposal is required based upon "safety" concerns, would not be sufficient to sustain any refusal of the commission to approve the plan before it, even had a majority of the commission been swayed by the plaintiff's appeal.
Subdivision regulations must contain known and fixed standards applying to all cases of a like nature, and must conform to the basic principle that a regulation, like a statute, cannot be too general in its terms. Sonn. v. Planning Commission,172 Conn. 156, 159-60 (1976).
General policy statements such as those advanced by the plaintiff in opposition to the subdivision proposal, cannot form a sufficient basis for rejection of a subdivision application, which is otherwise in compliance with the subdivision regulations. TLC Development, Inc. v. Planning ZoningCommission, supra, 530 n. 3.
The commission's action not only finds abundant and overwhelming support in the record, but is required in a situation in which all subdivision regulations have been scrupulously followed by the applicant.
 THE COMMENTS AND PARTICIPATION OF ANTHONY LUCERA DID NOT CONSTITUTE EX PARTE COMMUNICATION WITH THE COMMISSION
The plaintiff claims that the participation of Anthony Lucera, a representative of the defendant, Ball Pond Development Corporation, in a prepublic hearing site walk, and at the February 22, 1999 meeting at which the commission approved the application, constituted ex parte communications, sufficient to render the commission's decision null and void.
This argument is not persuasive.
Although administrative proceedings are less formal than judicial forums, due process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act, and the ability to contradict or rebut evidence which is offered. Pizzola v. Planning ZoningCT Page 3968Commission, 167 Conn. 202, 207 (1974).
This requires a fair opportunity to cross-examine witnesses, inspect documents, and offer explanatory evidence. Blaker v.Planning Zoning Commission, 212 Conn. 471, 477-78 (1989).
No one may be denied the right to produce relevant evidence or cross-examine witnesses. Grimes v. Conservation Commission,243 Conn. 266, 274 (1997); Parsons v. Board of Zoning Appeals,140 Conn. 290, 293 (1953).
The test to be applied is one of fundamental fairness. Miklusv. Zoning Board of Appeals, 154 Conn. 399, 406 (1967).
An examination of the transcript of the February 22, 1999 hearing reveals that no new evidence or information was supplied by the representative of Ball Pond Development Corporation.
The only comments offered concerned factual information already found in the record of the public hearing.
No new issues were raised and no new information requiring cross-examination or rebuttal was submitted.
All of the evidence discussed had been thoroughly debated during lengthy public hearings.
The plaintiff, throughout the process, was not denied the opportunity to present relevant evidence.
The situation presented here is easily distinguished from instances in which it was found that a commission received evidence after the close of a public hearing (see Daniel v.Zoning Commission, 35 Conn. App. 594, 597 (1994)).
No such finding is possible on the facts presented here.
Even if it could be demonstrated that ex parte information had been transmitted, the commission has easily demonstrated that absolutely no prejudice resulted. Martone v. Lensink,207 Conn. 296, 301 (1985); Blaker v. Planning Zoning Commission, supra, 479.
The pre-hearing site inspection is also compatible with the fundamental fairness of the hearing process. CT Page 3969
Information communicated during the site inspection was discussed at subsequent meetings, and all interested persons were permitted to be heard at the public hearing.
The plaintiff offers no authority for the proposition that a pre-hearing site walk is incompatible with the fundamental fairness of the administrative process.
The appeal of the plaintiff Helen D. Gallagher, is dismissed.
Radcliffe, J.